### WANAMAKER et al. v. COOPER, Collector.

#### (Circuit Court, E. D. Pennsylvania. June 25, 1895.)

#### No. 24.

1. CUSTOMS DUTIES—CLASSIFICATION—MEN'S LEATHER GLOVES.
   "Men's leather gloves, prick-seam and embroidered," were dutiable, under the act of October 1, 1890, at \$1 per dozen and 50 per cent. ad valorem, not at \$1.50 and \$2 and 50 per cent. ad valorem.

2. SAME—TOYS—TINSEL THREAD FOR CHRISTMAS TREES.
   Metal thread, known as "tinsel," "tinsel thread," "lametta," etc., but never as a "toy," was not dutiable as such, under the act of October 1, 1890, merely because it is used almost exclusively for decorating Christmas trees.

3. SAME—WOOL KNIT HATS.
   "Wool knit hats," invoiced as "red fez caps," *held* dutiable as wearing apparel (affirming the decision of the board of general appraisers, in the absence of evidence by appellant).

4. SAME.
   The fact that a "toy," broadly defined, is an article mainly intended for the amusement of children, does not warrant the conclusion that anything chiefly used to decorate an object designed to amuse children is to be classified as a "toy."

5. SAME—FURNISHED NEEDLE CASES.
   An article which is invoiced and intended to be sold as a single thing is not resolvable into its constituents for purposes of ascertaining duty. *Held*, therefore, that cases containing needles, imported as an entirety, and designed to be sold as "furnished needle cases," must be classified as integral articles according to their components or chief value.

6. SAME—PAPIER MACHE.
   Merchandise invoiced and known (and in this instance sold) as papier mache is dutiable as such, though every constituent of papier mache may not be present in the composition of which it is made.

This was an application by John Wanamaker and others, importers of certain merchandise, for a review of the decision of the board of general appraisers affirming the decision of the collector of the port of Philadelphia as to the rate of duty upon the said merchandise.

Among the imports in question were certain "men's leather gloves, prick-seam and embroidered." These were assessed by the appraiser at a cumulative duty of \$1.50 and \$2 per dozen and 50 per cent. ad valorem, under the tariff act of October 1, 1890. The importer claimed by his protest that they were dutiable only at \$1 per dozen and 50 per cent. ad valorem. The appraiser's decision was affirmed

by the collector and the board of United States general appraisers. Part of the merchandise consisted of "wool knit hats," which were invoiced as "red fez caps." These were appraised as wearing apparel by the appraiser, and his decision was affirmed by the collector and the board of general appraisers.

Frank P. Prichard, for plaintiffs.
Ellery P. Ingham, U. S. Atty., for the Government.

DALLAS, Circuit Judge. This is an appeal from a decision of the board of general appraisers by which questions are presented as to the rates of duty applicable to five articles.

1. Their decision as to "men's leather gloves, prick-seam and embroidered," conflicts with judicial authority, and therefore cannot be sustained.

2. As to the wool knit hats, the appellants offered no evidence, and the decision as to these articles will stand.

3. As to the use and trade-name of the article described in the opinion of the board of appraisers as "metal ornament for Christmas trees," there is, under the evidence, no room for doubt. Its principal and almost exclusive use is for the decoration of Christmas trees, and it is known in the trade as "tinsel," "tinsel thread," "lametta," etc., but never as a "toy." In fact, it is a metal thread, though, in the condition in which it was imported in this instance, it is not fit to be employed as a metal thread, for embroidering or other manufacturing purposes. I do not understand that the board of appraisers found these facts to be otherwise than I have stated them. If they had done so, I would, of course, have regarded their finding with much respect. There is, however, no conflict of evidence, and the only question is as to the correctness of the conclusion which they deduced from the clearly-established facts. Their decision was wholly founded upon the assumption that because a toy, broadly defined, is an article mainly intended for the amusement of children, therefore anything which is chiefly used to decorate an object designed to amuse children should itself be taken to be a toy. I think this reasoning is unsound. In common speech the word "toy" certainly has no such comprehensive significance, and the evidence shows that, in the trade, the material in question is not known or designated as a toy. When placed upon Christmas trees, it does, no doubt, contribute to the amusement of children, but so do many things which could not with any aptitude be classified as toys. A toy is a thing to amuse children, but it does not follow that everything which amuses them, or which enters into a device for their amusement, is in itself a toy. I am constrained to overrule the decision of the board of general appraisers as to this merchandise.

4. Protest 8704b related to an importation of needle cases furnished with needles. If separately considered, as the appellants contend they should be, these cases would be dutiable, and the needles would be free. The board of appraisers found, however, that the cases, with their contents, were invoiced and imported as an entirety, and designed to be sold as "furnished needle cases"; and they there-

fore held that they should be classified as integral articles according to their components of chief value. I am of opinion that this view of the matter is correct; that an article which is invoiced and intended to be sold as a single thing is not resolvable into its constituents for the purpose of ascertaining its liability to duty. The decision as to these articles will stand.

5. The board of appraisers found that certain imported merchandise consisted of "articles known as papier mache," and therefore held that it was dutiable as papier mache. This finding of fact is unquestionably correct, and the conclusion stated was also right. Articles invoiced, known, and (in this instance) sold as papier mache, cannot be relieved from payment of duty as such, upon the ground, here set up, that every constituent of true papier mache was not present in the composition of which they were made. The decision as to these articles will stand.

Let judgment be entered in accordance with this opinion.