DIECKERHOFF, RAFFLOER & CO. v. UNITED STATES.

(Circuit Court, S. D. New York. February 19, 1907.)

No. 4,152.

CUSTOMS DUTIES—CLASSIFICATION—FURNISHED NEEDLECASES—ARTICLES COMPOSED CHIEFLY OF NEEDLES.

    Needlecases in which steel needles constitute the element of chief value should be considered as manufactures in chief value of needles, rather than as articles composed in part of steel under Tariff Act July 24, 1897, c. 11, § 1, Schedule C, par. 193, 30 Stat. 167 [U. S. Comp. St. 1901, p. 1645]; and as needles are on the free list, and there is no tariff provision for manufactures of needles, such articles are dutiable as unenumerated manufactured articles under section 6, 30 Stat. 205 [U. S. Comp. St. 1901, p. 1693].

On Application for Review of a Decision of the Board of United States General Appraisers.

For decision below, see G. A. 6,220 (T. D. 26,887), affirming the assessment of duty by the collector of customs at the port of New York. Note U. S. v. Mathews, 78 Fed. 345, 24 C. C. A. 127, and Guthman v. U. S. (C. C.) 148 Fed. 332.

Curie, Smith & Maxwell (W. Wickham Smith, of counsel), for importers.

J. Osgood Nichols, Asst. U. S. Atty.

HOUGH, District Judge. The imported object is a needlecase of ornamented paper furnished with needles, and seems to be identical with the article considered in Wanamaker v. Cooper (C. C.) 69 Fed. 465. In consonance with that decision the importer admits that, although needles are free under the tariff act of 1897 (Act July 24, 1897, c. 11, § 2, Free List, par. 620, 30 Stat. 199 [U. S. Comp. St. 1901, p. 1685]), the needlecase with its contents is to be regarded as an entirety, and is assessable as a whole.

It has been assessed under paragraph 193 as an article not specially provided for, and composed in part of steel; i. e., needles. Wanamaker v. Cooper, supra, arose under the tariff act of October 1, 1890, which contains substantially the same proviso as paragraph 193 of the present statute (Act July 24, 1897, c. 11, § 1, Schedule C, 30 Stat. 167 [U. S. Comp. St. 1901, p. 1645]). Act Oct. 1, 1890, c. 1244, § 1, par. 215, Schedule C, 26 Stat. 582. But the report of that decision does not show under what paragraph or schedule of the act the assessment upon needlecases was made.

It appears to me that the reasoning of Hartranft v. Sheppard, 125 U. S. 337, 8 Sup. Ct. 920, 31 L. Ed. 763, is conclusive on the present case. Act March 3, 1883, c. 121, 22 Stat. 488 [U. S. Comp. St. 1901, p. 2247], was there under consideration, and that statute also contained provisos as all-embracing as any found in the present statute, and, to paraphrase the conclusion of the court in that case, I am of opinion that as needles are the component material of chief value in the needlecases involved in this suit, and, as needles are free, it follows that the needlecases with their contents are manufactured articles not provided for, and therefore chargeable with the duty of 20

per cent. ad valorem under section 6 of the tariff act of 1897 (Act July 24, 1897, c. 11, 30 Stat. 205 [U. S. Comp. St. 1901, p. 1693]).

Paragraph 193 I think wholly inapplicable, because the metal of the needles entering into the composition of the needlecases is immaterial. These needles happen to be made of steel. They might just as well be of any other metal or substance not depriving them of the name "needles, hand-sewing, and darning." It is as needles that they (with paper envelopes) comprise the raw material for the needlecases at bar; and the sole question for consideration is what is the proper tariff upon an article composed of needles and paper. Inquiry as to the tariff position of an article of steel and paper is inappropriate.

The decision of the Board of General Appraisers is reversed, and judgment directed in accordance with the above opinion.