THANHAUSER v. UNITED STATES.

(Circuit Court, E. D. Pennsylvania. February 7, 1908.)

No. 36 (1,768).

1. CUSTOMS DUTIES—CLASSIFICATION—CHRISTMAS TREE ORNAMENTS—"TOYS."
    The provision for "toys" in Tariff Act July 24, 1897, c. 11, § 1, Schedule N, par. 418, 30 Stat. 191 [U. S. Comp. St. 1901, p. 1674], *held* not to include fragile, flimsy articles of tinsel, in the shape of rings, stars, etc., which, while they may amuse or entertain children when hung on a Christmas tree, are not suitable to be played with, and, besides being used as Christmas tree ornaments, are employed in shop decorations.

2. SAME—COMMERCIAL DESIGNATION—"TOYS."
    An article is not necessarily a toy simply because children can or do play with it. In order to fall within that designation its intended and principal use must be for the amusement of children; or, if capable of other uses, it must nevertheless be commercially known as a "toy."
    [Ed. Note.—For other definitions, see Words and Phrases, vol. 8, pp. 7036, 7818.]

On Application for Review of a Decision by the Board of United States General Appraisers.

Frank P. Prichard and Ralph B. Evans, for importer.

Jasper Yeates Brinton (J. Whitaker Thompson, U. S. Atty., on the brief), Asst. U. S. Atty.

J. B. McPHERSON, District Judge. The nature of the dispute now before the court will appear from the following decision of the Board of General Appraisers, affirming a ruling made by the collector of the port of Philadelphia:

"The merchandise consists of ornaments made of tinsel wire, lame, and other materials, tinsel wire or lame being the component material of chief value. Duty was assessed on them at the rate of 60 per centum ad valorem, under the provisions of paragraph 179 of the Tariff Act of 1897, and they are claimed to be dutiable properly at 35 per cent. under paragraph 418 of said act, as toys. In G. A. 4,784 (T. D. 22,559), and again in abstract 1,956 (T. D. 25,411), the Board passed upon articles differing in no essential respect from these, and held that they were dutiable at the rate herein expressed. The only testimony in the present cases is that of the importer himself, and that is insufficient to establish a commercial designation. Neuss v. United States (C. C.) 142 Fed. 281, T. D. 26,597."

The two paragraphs in question are as follows:

"179. Tinsel wire, lame or lahn, made wholly or in chief value of gold, silver, or other metal, 5 cents per pound; bullions and metal threads, made wholly or in chief value of tinsel wire, lame or lahn, 5 cents per pound and 35 per cent. ad valorem; laces, embroideries, braid, galloons, trimmings or other articles made wholly or in chief value of tinsel wire, lame or lahn, bullions or metal threads, 60 per centum ad valorem."

"418. Dolls, doll heads, toy marbles of whatever materials composed, and all other toys not composed of rubber, china, porcelain, parian, bisque, earthen or stone ware, and not specially provided for in this act, 35 per centum ad valorem." Tariff Act July 24, 1897, c. 11, § 1, Schedules C, N, 30 Stat. 166, 191 [U. S. Comp. St. 1901, pp. 1644, 1674].

As the briefs of the parties show distinctly, there has been more or less uncertainty for a good many years concerning the proper classi-

fication of articles that may be described in a general way as Christmas tree ornaments. As a help toward the settlement of the controversy, it may be worth while to take advantage of the industry of counsel, and refer somewhat in detail to the course of decision.

In T. D. 2,147, the Secretary of the Treasury in March, 1875, overruled an appraiser who had imposed duty at 50 per cent. ad valorem, less 10 per cent., upon certain so-called glass balls, believing them to be "beads" (Rev. St. [2d Ed.] p. 473, and section 2503, p. 459). The importers' position was that the articles were "glass balls manufactured of, or made of, molded glass, and used to decorate Christmas trees"; and the Secretary agreed with this contention, and directed the balls to be classified as "children's toys," and a duty of 50 per cent., without deduction, to be imposed (Rev. St. [2d Ed.] p. 481). In November, 1886 (T. D. 7,853) the Treasury decided that "Christmas tree ornaments, made of gilt paper, representing animals, pipes, fishes, etc., intended for the amusement of children at Christmas festivals," were dutiable as "toys" under the clause in the act of 1883 that imposed a duty of 35 per cent. ad valorem on "dolls and toys" (Act March 3, 1883, c. 121, § 1, Schedule N, 22 Stat. 512); and not under the clause that imposed an ad valorem duty of 15 per cent. on "manufactures of paper" (Schedule M, 22 Stat. 510). The decision refers to two other rulings of the department, as well as to No. 2,147, supra. Several months later, in February, 1888 (T. D. 8,656) the same clause relating to "toys" was held to impose the duty upon "small pieces of tinsel thread woven into a cotton cord, which is cut into lengths of about three feet, and intended for use as ornaments for Christmas trees." The Treasury agreed with the collector and the appraiser that as these articles are "intended exclusively for the amusement of children" they were dutiable as "toys," following expressly the foregoing decisions, Nos. 2,147 and 7,853. The question arose again in January, 1891 (G. A. 283, T. D. 10,730) concerning "metal ornaments for Christmas trees * * * made from tinsel thread," which it was claimed by the importer should come in at 25 per cent. ad valorem as "metal threads, filé or gespinst" (Schedule N, 22 Stat. 511); the merchandise having been classified as "toys," dutiable at the higher rate of 35 per cent. The opinion of the Board of General Appraisers—to whom the decision of such questions had now been transferred—is put upon the ground that the Treasury Department had, for many years, held Christmas tree ornaments to be "constructively toys." The opinion adds:

"We can see no good reason for departing from this ruling. The courts have defined toys to be articles mainly designed for, and ordinarily employed by, children for their amusement, and as Christmas tree ornaments are designed for the amusement of children the ruling of the department would seem to be correct. The ones under consideration are no longer tinsel thread. They are either dutiable as manufactures of metal or as toys. We incline to the latter classification as the proper one."

In June, 1892, under the tariff act of 1890 (G. A. 1,542, T. D. 12,-991) the Board held that "wax angels" were not dutiable as manufactures of wax under Act Oct. 1, 1890, c. 1244, Schedule N, 26 Stat. 601, par. 459, 1 Supp. Rev. St. (2d Ed.) p. 846; but as "toys not composed of rubber," etc., under paragraph 436, 26 Stat. 600, p. 844, of 1

Supp. Rev. St. (2d. Ed.). The decision is put upon the ground that "the chief use of wax angels is in the ornamentation of Christmas trees." Under the same statute two other rulings were made in April, 1894 (G. A. 2,571, T. D. 14,942, and G. A. 2,574, T. D. 14,945). In the first, the articles were small molded trick glasses, adapted solely for use as "playthings for children," and articles of thin blown glass consisting of "diminutive figures in the form of deer, antelopes, peacocks, and birds in cages." These were all found by the board to be "commonly and commercially known as toys," and were therefore held to be dutiable under paragraph 436, and not under paragraph 108, as "thin blown glass, blown with or without a mold," etc. In No. 14,945, the articles in question were "tin clips about 1¼ inches in length and having copper or iron wire springs attached thereto." They were designed chiefly for holding small wax candles and fastening them to Christmas trees, and were held not to be dutiable as manufactures of tin under paragraph 143, but as "toys" under paragraph 436. The Board gave as the reason for their decision that:

"The flimsy construction of these articles, which unfits them for any considerable use other than for the amusement of children, would seem to point to the correctness of the appellant's contention. The Treasury Department uniformly classified Christmas tree ornaments as toys under the Act of March 3, 1883, and the Board has frequently affirmed the correctness of the Department's decision as to such articles imported under the present act. We can see no good reason for differentiating the clips in question from Christmas tree ornaments, all being alike intended for the amusement of children while in play."

It will be observed that, in these rulings a number of widely differing articles were held to be "toys," upon the single ground that they were designed to be used and were actually used for the amusement of children. The incorrectness of this reasoning, if it were intended— as it apparently was intended—to be of universal application, was pointed out by Judge Dallas in Wanamaker v. Cooper (C. C.) 69 Fed. 465, a case decided in June, 1895. The following extract from his opinion will show the facts and the basis for his decision:

"As to the use and trade-name of the article described in the opinion of the Board of Appraisers as 'metal ornament for Christmas trees,' there is, under the evidence, no room for doubt. Its principal and almost exclusive use is for the decoration of Christmas trees, and it is known in the trade as 'tinsel,' 'tinsel thread,' 'lametta,' etc., but never as a 'toy.' In fact, it is a metal thread, though, in the condition in which it was imported in this instance, it is not fit to be employed as a metal thread for embroidering or other manufacturing purposes. I do not understand that the Board of Appraisers found these facts to be otherwise than I have stated them. If they had done so, I would, of course have regarded their finding with much respect. There is, however, no conflict of evidence, and the only question is as to the correctness of the conclusion which they deduced from the clearly established facts. Their decision was wholly founded upon the assumption that because a toy, broadly defined, is an article mainly intended for the amusement of children, therefore anything which is chiefly used to decorate an object designed to amuse children should itself be taken as a toy. I think this reasoning is unsound. In common speech the word 'toy' certainly has no such comprehensive significance, and the evidence shows that in the trade the material in question is not known or designated as a toy. When placed upon Christmas trees, it does no doubt contribute to the amusement of children, but so do many things which could not with any aptitude be classified as toys. A toy is a thing to

amuse children, but it does not follow that everything which amuses them, or which enters into a device for their amusement, is in itself a toy. I am constrained to overrule the decision of the Board of General Appraisers as to this merchandise."

Following this decision the Treasury Department in August, 1899, instructed the collector at New York to classify "thin glass balls used as ornaments for Christmas trees," as manufactures of glass and not as toys (T. D. 21,509). It appearing, however, that the balls in question were always colored, gilded or silvered, the instruction was modified in the following September, so as to require them to be classified as decorated articles of glass under paragraph 100 (T. D. 21,551). The appraisement having been made in obedience to the instruction of the Department, the question came before the Board in October (T. D. 21,718, G. A. 4,589); and, after testimony had been heard on behalf of the importers to the effect that the balls had been universally known to the trade as "toys" long before the passage of the tariff act of 1897, the Board reversed the ruling of the collector and held the articles to be dutiable as "toys." They distinguished the case from Wanamaker v. Cooper on the ground that the metal thread involved in that dispute was never known as a toy, while the commercial designation of the glass balls under consideration had been proved by positive and uncontradicted testimony to be "toys." The Treasury acquiesced in this ruling, for the reason that "the trade testimony in the case was unanimous to the effect that the glass balls in question were known as toys," but advised the Board that the Department desired the decision to be confined to "merchandise like that under consideration, to wit, glass balls intended for Christmas tree ornaments" (T. D. 21,733).

Evidently the Board had no disposition to enlarge the scope of the decision, for they took an early opportunity (October, 1900, G. A. 4,784, T. D. 22,559) to point out that they had plainly found in G. A. 4,589 that the glass balls there passed upon were not "toys within the ordinary meaning of the word as a plaything for children," but had put their ruling upon the single ground that "the merchandise was shown to be commercially known as toys, and in accordance with the well-settled principles were held to be dutiable as such." And they proceeded to emphasize the distinction by refusing to classify as toys "artificial pears composed of cotton with a piece of metal thread in place of a stem," and also "artificial roses composed of cotton, with a stem of wire covered with paper, and some sprays of tinsel wire loosely attached to the stem"—both pears and roses being designed for use as Christmas tree ornaments. The ground for this ruling was, that sufficient proof had not been offered to show that the articles were toys in fact, or were commonly known as toys, the circumstance that they were handled in toy stores and toy departments being declared not to be conclusive upon this question. And, to make it perfectly clear that each article intended for use as an ornament upon a Christmas tree must be considered separately, the Board also held in the same opinion, that "clowns" made of cotton were dutiable as toys, because they "closely resemble and are of the character of 'dolls,' and, although they

may be intended for Christmas tree decoration, they are undoubtedly used as playthings for children, and are toys in fact."

Bearing upon the general question, when an article should be classified as a "toy," the decision of the Board in G. A. 4,973 (T. D. 23,197) may be noticed in passing, where certain merchandise —which, however, was not intended for use as Christmas tree ornaments—was classified as toys because testimony was offered and accepted that the articles were known by that designation. Finally, in T. D. 25,411 (abstract 1956, p. 1034), the present appellant, in June, 1904, prevailed upon the Board to decide that metal clips for holding small candles were toys, because they were "flimsy affairs of tin, suitable for no other use than the amusement of children"; while he failed in the effort to obtain a similar ruling concerning "ornamental articles made of lahn or tinsel," although they were intended for use on Christmas trees, because they were "apparently susceptible of use for other ornamental purposes" and no evidence was offered to show "that they are commercially known as toys."

From this review, I think it is clear enough that, although there has been some vacillation about the proper classification of Christmas tree ornaments, this has been probably due to the fact that such ornaments may be very different in character, some being plainly toys as well as ornaments, while others resemble toys merely because one of their possible or actual uses is the entertainment of children. But, as Judge Dallas has stated, an article is not necessarily a toy simply because children can or do play with it; otherwise a father's watch or a mother's workbasket might, on occasion, fall within this category; and it is necessary, therefore, to go further, and inquire in each case whether the intended and the principal use of the article in question is the amusement of children, or, if it appear to be also capable of use for other purposes, whether it is nevertheless commercially known as a toy. These are questions of fact to be decided according to such evidence as may be offered, and upon both there is testimony in the present case. I shall not review it in detail, but shall only say that I have considered it all without being led to the conclusion that the importer's position should be sustained. In my opinion, the evidence shows that the fragile, flimsy articles in question, mainly composed of tinsel in different shapes—stars and rings and nondescript devices—are not intended, and are not suitable to be played with. They amuse or entertain because they are adapted to decorate, and no doubt they entertain children when they are hung on a Christmas tree; but on such an occasion they entertain adults also in the same way, although the entertainment differs in degree. Moreover, it clearly appears that the articles in question are often used by confectioners, stationers, and other merchants to make their wares or their shops more attractive, and this use has little reference to the amusement of children.

Neither does the evidence bear out the importer's contention that whatever the articles may be in fact nevertheless they are commercially known as "toys." No doubt they are often sold in toy stores

and toy departments, but this circumstance is not conclusive, for they are sometimes found in the stock of a notion department, where they would seem to be as properly placed as among the playthings of children. But, wherever they may be offered for sale, the evidence satisfies me that they are not generally recognized and designated by the trade as toys, and cannot properly be classified as such.

Without prolonging the discussion, which I fear has already gone too far I shall only state my conclusion that the ruling of the General Appraisers was right, and should be affirmed.