### TUSKA v. UNITED STATES.

(Circuit Court, S. D. New York. May 22, 1908.)

#### No. 5,030.

CUSTOMS DUTIES—CLASSIFICATION—FLAGS—"TOYS."

The provision for "toys" in Tariff Act July 24, 1897, c. 11, § 1. Schedule N, par. 418, 30 Stat. 191 (U. S. Comp. St. 1901, p. 1674), does not include small silk flags mounted on slender wooden staffs about 4½ inches long.

[Ed. Note.—For other definitions, see Words and Phrases, vol. 8, pp. 7036, 7818.]

On Application for Review of a Decision by the Board of United States General Appraisers.

The decision below, which is reported as G. A. 6,654 (T. D. 28,373), affirmed the assessment of duty by the collector of customs at the port of New York on merchandise imported by A. L. Tuska.

The Board's opinion reads as follows:

HOWELL, General Appraiser. The merchandise in question consists of small flags of various nations, including that of the United States. The flags are made of silk, and each one is mounted on a slender wooden staff about 4½ inches in length. They were returned by the appraiser as manufactures in chief value of silk, and were assessed with duty by the collector at the rate of 50 per cent. ad valorem under the provisions of Tariff Act July 24, 1897, c. 11, § 1, par. 391, Schedule L, 30 Stat. 187 (U. S. Comp. St. 1901, p. 1670). They are claimed to be properly dutiable as "toys" at 35 per cent. ad valorem under paragraph 418 of said act (Schedule N, 30 Stat. 191 [U. S. Comp. St. 1901, p. 1674]).

The importers have endeavored to prove that these flags are commercially known as toys; but we think the testimony falls far short of showing that they are uniformly and generally recognized and dealt in as toys. It is true that some of the witnesses have testified that they sell them to toy dealers, but this is not sufficient to establish the commercial designation of the articles as toys. In re Borgfeldt, G. A. 5,467 (T. D. 24,768). As was said in that case: "Toy dealers handle many articles which are clearly not toys. Among such articles may be mentioned playing cards, chess sets, and golf sticks." The witnesses who have testified that they sell these flags to toy dealers state that they are used in prize packages and also as a "penny toy"; but other equally competent witnesses testify that they sell them to caterers and confectioners, and that they are used at social functions for favors, for pairing off couples at cotillions, and for table decorations. A trade catalogue of Messrs. Annin & Co., of New York, who are "manufacturers of flags, ban-

ners, decorations, and patriotic novelties of every description," was admitted in evidence (illustrative Exhibit A), and it appears therefrom (page 16) that flags precisely similar to the goods here in question are described therein as "Japanese silk flags * * * appropriate for Christmas tree decorations." There is some testimony to the effect that the articles are used to decorate doll houses, toy camps, etc.; but this only indicates that the articles may become parts of toys, and does not prove that they are toys in the condition as imported. There is no provision in the tariff for "parts of toys," and it has uniformly been held by the courts and this Board that part of a toy is not classifiable as a toy. G. A. 4,999 (T. D. 23,303).

In our opinion these flags are not toys. The evidence satisfies us that they are not so known commercially, and they are certainly not designed as playthings for children. The mere fact that they might be played with by children does not constitute them toys. As was said in Wanamaker v. Cooper (C. C.) 69 Fed. 465: "A 'toy' is a thing to amuse children, but it does not follow that everything which amuses them or which enters into a device for their amusement is in itself a toy." The flags in question are undoubtedly articles of utility which are used for decorative and other similar purposes.

We hold that they are properly dutiable as assessed, and, accordingly, overrule the protests and affirm the decision of the collector in each case.

Kammerlohr & Duffy (John G. Duffy, of counsel), for importer.
D. Frank Lloyd, Asst. U. S. Atty.

PLATT, District Judge. Decision affirmed.