UNITED STATES *v.* STRAUSS BROS. & Co. (No. 1578).[1]

NEEDLES—NEEDLECASES OR NEEDLEBOOKS.

Paper folders of such a flimsy nature that, unless most carefully handled, their use can not be long continued without crumpling or breaking, are not of the permanent character ordinarily and commonly associated with the terms "needlebooks" and "needlecases." Merchandise consisting of such folders, containing packages of needles of various sizes, is classifiable on the free list, paragraph 555, tariff act of 1913, as needles, and is not dutiable under paragraph 135 as "needlecases or needlebooks furnished with assortments of needles  *  *  *."

United States Court of Customs Appeals, January 22, 1916.

APPEAL from Board of United States General Appraisers, Abstract 37902.
[Affirmed.]

*Bert Hanson,* Assistant Attorney General (*Frank P. Wilson* and *Martin T. Baldwin,* special attorneys, of counsel), for the United States.

*Comstock & Washburn* (*Albert H. Washburn* and *George J. Puckhafer* of counsel) for appellees.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

SMITH, Judge, delivered the opinion of the court:

Rectangular pieces of lithographed paper, some 9 inches long and 2½ inches wide, folded in the middle, and having pasted on the inside of the folds five packets of needles of different numbers and a cloth stuck with needles of assorted sizes and one bodkin, were classified by the collector of customs at the port of New York as needlebooks, containing an assortment of needles and bodkins. In accordance with that classification the goods were assessed for duty at 20 per cent ad valorem under the provisions of paragraph 135 of the tariff act of 1913, which paragraph, in so far as pertinent to this case, reads as follows:

135.  *  *  * Needle cases or needle books furnished with assortments of needles or combinations of needles and other articles, 20 per centum ad valorem;  *  *  *.

The importers protested that the goods were needles and that they were therefore entitled to free entry under paragraph 555 of that part of the free list of said act which reads as follows:

(Free list.) That on and after the day following the passage of this act, except as otherwise specially provided for in this act, the articles mentioned

---

[1] Reported in T. D. 36125 (30 Treas. Dec., 165).

in the following paragraphs shall, when imported into the United States * * * be exempt from duty: * * *.

555. Needles, hand-sewing and darning, and needles for shoe machines.

The Board of General Appraisers held that the articles were not needlebooks, and that with the exception of the bodkins the goods should be classified as needles and admitted free of duty. The Government appealed.

The papers containing the needles are lithographed to catch the eye of prospective purchasers, and are of such a flimsy nature that unless most carefully handled their use could not be long continued without crumpling them or breaking them at the fold. They are, in our opinion, simply paper folders, and are not of the permanent character ordinarily and commonly associated with the terms " needlebooks " and " needlecases."

The tariff acts of 1890 and 1897 contained no provision for needlebooks or needlecases furnished with needles, and the board and the courts held that such merchandise was not entitled to free entry as needles, but was dutiable at the rate imposed by the statute on the component of chief value. Such needlebooks and needlecases, however, were composed of leather, metal, and paper,. and were apparently of a permanent and durable character. They were held to be not mere coverings for needles, but *permanent*, convenient, and ornamental receptacles for needles which, furnished with needles, were designed to be sold as entireties and not as needles. *In re* Wanamaker, G. A. 969 (T. D. 12107) (tariff act of 1890) ; *In re* Marshall Field, G. A. 3817 (T. D. 17942) (tariff act of 1890) ; *In re* Dieckerhoff, G. A. 6220 (T. D. 26887) (tariff act of 1897) ; *In re* Dieckerhoff, Abstract 29686 (T. D. 32812) (tariff act of 1909) ; Steinhardt & Bro. *v.* United States (2 Ct. Cust. Appls., 361; T. D. 32092) (tariff act of 1909) ; *In re* Watson (T. D. 32528) (tariff act of 1909) ; *In re* H. B. Claflin, Abstract 29891 (T. D. 32842) (tariff act of 1909) ; *In re* Wyman, Abstract 30564 (T. D. 32960) (tariff act of 1909) ; Wanamaker *v.* Cooper (69 Fed., 465) (tariff act of 1890) ; United States *v.* Matthews (78 Fed., 345) (tariff act of 1890) ; Dieckerhoff *v.* United States (151 Fed., 957) (tariff act of 1897) ; United States *v.* Dieckerhoff (160 Fed., 449) (tariff act of 1897).

The ruling of the courts as to the duty which should be imposed upon needlecases and needlebooks was expressly approved in the tariff act of 1909 by the adoption of paragraph 164, in which it was provided that " needlecases or needlebooks furnished with assortments of needles or combinations of needles and other articles shall pay duty as entireties according to the component material of chief value therein."

We can find no case, however, in which it has been held by the board or by the courts that goods of the nature of those here in controversy were needlebooks or needlecases classifiable as entireties in accordance with the decisions and the statute just cited. On the contrary, an examination of the decided cases seems to disclose that merchandise substantially identical with the importation here involved was consistently and uniformly admitted to free entry by the board under the free-list provisions for hand-sewing needles in the tariff acts of 1897 and 1909, which provisions differed from paragraph 555 of the tariff act of 1913 only to the extent that they did not provide for needles for shoe machines. In the matter of George Borgfeldt, Abstract 13597 (T. D. 27734) (tariff act of 1897); *In re* Strauss Bros. & Co., Abstract 16351 (T. D. 28361) (tariff act of 1897); *In re* Strauss Bros. & Co., Abstract 16967 (T. D. 28448) (tariff act of 1897); *In re* Emery-Bird-Thayer, Abstract 29685 (T. D. 32812) (tariff act of 1909); *In re* Bernard, Judae & Co., Abstract 29890 (T. D. 32842) (tariff act of 1909); *In re* Pratt & Farmer, Abstract 30565 (T. D. 32960) (tariff act of 1909).

Taking into consideration that under the tariff acts of 1890 and 1897 needlecases and needlebooks containing needles were held to be dutiable as entireties; that under the same acts folders containing needles were held not to be dutiable as needlebooks or needlecases, but free of duty as needles; that it was judicially determined that such folders were not classifiable under paragraph 164 of the tariff act of 1909, which contained a provision for needlebooks and needlecases furnished with needles; and that paragraph 164 of the tariff act of 1909, as well as the paragraphs of the tariff acts of 1890, 1897, and 1909, providing for the free entry of hand-sewing needles, were reenacted in the tariff act of 1913, we think it may well be assumed that the long-continued classification as needles of articles such as those involved in this appeal has received legislative approval.

There is no evidence showing that the goods are known to the trade as needlebooks or needlecases, and in our opinion they do not meet the common or popular understanding of needlebooks or needlecases, and the fact that they are labeled "The Army and Navy Needle Book," and that they are so designated in the invoice, is not sufficient by itself to give them the tariff status of needlebooks, especially when it appears that they have been assigned to a different tariff status by repeated judicial decisions which have apparently received the approval of Congress. See Prosser *v.* United States (1 Ct. Cust. Appls, 29, 31; T. D. 30850); Strakosh *v.* United States (1 Ct. Cust. Appls, 360, 361; T. D. 31453); Sheldon *v.* United States (2 Ct. Cust. Appls, 439, 440; T. D. 32199).

The decision of the Board of General Appraisers is *affirmed.*