WOOLWORTH CO. v. UNITED STATES (No. 2102).[1]

1. LEGISLATIVE SANCTION OF JUDICIAL CONSTRUCTION—TOYS.

The tariff act of 1913 having been enacted since the decision of the case of Illfelder v. United States (1 Ct. Cust. Appls., 109; T. D. 31115) with no provision to modify the definition of toys made in that case, Congress must be presumed to have sanctioned that definition.

2. CHRISTMAS-TREE ORNAMENTS ARE NOT TOYS.

Colored glass ornaments for Christmas trees are not toys under paragraph 342, tariff act of 1913. Their classification, some as colored glass articles under paragraph 84, and some as articles made of glass beads under paragraph 333, is not disturbed.

United States Court of Customs Appeals, January 13, 1922.

APPEAL from Board of United States General Appraisers, T. D. 38697 (G. A. 8427).

(Affirmed.)

Sharretts, Coe & Hillis for appellants.

William W. Hoppin, Assistant Attorney General (Charles D. Lawrence, special attorney, of counsel), for the United States.

[Oral argument October 27, 1921, by Mr. Hillis and Mr. Lawrence.]

Before DE VRIES, Presiding Judge, and SMITH, BARBER, and MARTIN, Associate Judges.

DE VRIES, Presiding Judge, delivered the opinion of the court:

These importations were of Christmas-tree ornaments, some of individual colored glass balls, with ring attached by which they could be suspended, some in the form of a number of colored glass globular or oval articles loosely strung together, and some of bead-

---

[1] T. D. 38985.

like colored glass balls wired together in strings. The classifications for dutiable purposes by the collectors classifying the same were, in so far as herein concerned, in part under the provisions of paragraph 84 of the current tariff act as colored glass articles, and in part under paragraph 333 of said act as beaded articles. The importers protested several of these assessments claiming, in so far as here pertinent, the merchandise dutiable as "toys" under the provisions of paragraph 342 of said act. Other assessments, claims, and concessions are in the record but as here presented are not before the court for decision. The concrete issue here presented for decision is whether or not Christmas-tree ornaments, such as above described, are "toys" within the principles and decisions of import customs law. The stated paragraphs may be quoted, in so far as pertinent, as follows:

84. Glass bottles, decanters, and all articles *of every description* composed wholly or in chief value of glass, ornamented or decorated in any manner, or cut, * * * *colored*, stained, silvered, gilded, * * * or printed in any manner, * * * 45 per centum ad valorem: * * *. [Italics ours.]

333. * * * curtains, and other articles not embroidered nor appliquéd and not specially provided for in this section, composed wholly or in chief value of beads or spangles made of glass * * * 50 per centum ad valorem.

342. Dolls, and parts of dolls, doll heads, toy marbles of whatever materials composed, and all other toys, and parts of toys, not composed of china, porcelain, parian, bisque, earthen, or stone ware, and not specially provided for in this section, 35 per centum ad valorem.

The record is extended and quite complete and the case has been presented by counsel upon both sides with commendable industry. The Board of General Appraisers in a carefully written and elaborate opinion has reviewed the evidence with great care and precision.

What constitutes a "toy" within import tariff nomenclature was defined by this court in Illfelder v. United States (1 Ct. Cust. Appls., 109, 111; T. D. 31115), in the following language:

In common speech, and as popularly understood, a toy is essentially a plaything, something which is intended and designed for the amusement of children only, and which by its very nature and character is *reasonably* fitted for no other purpose. Although an article may be chiefly used for the amusement of children, if its nature and character are such that it is also reasonably fitted for the amusement of adults, or if it is reasonably capable of use for some practical purpose other than the amusement of children, it can not be classed as a toy unless it is affirmatively shown by the importer that it is so known and designated by the trade generally.

That definition was promulgated early in the history of this court, and in the numerous reviews of that pronouncement since made, in response to testimony offered and authorities submitted, the court has found no reason to deviate therefrom. Nor does this record offer such. Accepting that principle of decision, however, the importers here contend that within that doctrine it has been here shown that Christmas-tree ornaments are known and designated by the trade

generally as "toys." The board, as stated, has carefully reviewed the testimony in the record upon that contention and stated its finding as follows:

From all these facts and authorities we find that the merchandise under consideration does not fall within the term "toy," either as defined by the courts or as known commercially to the trade of the country.

A careful review of that finding by this court not only fails to disclose any reason for disturbing it, but is convincing that it is well within the facts presented by the record and should not be disturbed.

The further contention is made by counsel for appellants, importers, that the legislative course indicates a purpose upon behalf of the Congress, approved by the courts, to treat and separately class and hold Christmas-tree ornaments as toys. The court is of the opinion that the contention is not sustained. It should be sufficient in this particular to point out that the case of Thanhauser *v.* United States (159 Fed., 228) and the Illfelder case, supra, negative this contention. After decision of the latter case, which construed paragraph 418 of the tariff act of 1897 providing for "toys," decided in 1910, the tariff act of 1913 was enacted without pertinent change affecting the construction therein placed upon the term. It can not be said, therefore, that any judicial or legislative interpretation exists contrary to the doctrine of the Illfelder case.

The decision of the Board of General Appraisers is *affirmed.*