**No. 48738.—Protest 965838–G of American Import Co. (Seattle).**

TILSON, Judge: This suit against the United States was filed by the plaintiff seeking to recover a certain sum of money alleged to have been illegally exacted as customs duties upon an importation of merchandise described by the appraiser as "* * * cloth needles in various sizes contained in four paper folders which are attached to a cardboard folder 3 x 5 inches, all enclosed in an oiled-paper envelope." Duty was levied upon the merchandise at the rate of 45 percent ad valorem under paragraph 343 of the act of 1930, and the plaintiff claims the same to be entitled to free entry under paragraph 1724 of the same act, as needles, hand sewing or darning.

At the trial of the case a sample of the merchandise was admitted in evidence, and one witness testified for the plaintiff, but his testimony on direct examination was directed primarily to identifying the sample later admitted in evidence. He admitted however on cross-examination that the imported merchandise was called needle books. The plaintiff also showed by this witness that the needles were hand sewing or darning needles.

In our view the merchandise in this case falls squarely within the ruling of our appellate court in *United States* v. *Strauss*, 6 Ct. Cust. Appls. 498, from which we quote as follows:

The papers containing the needles are lithographed to catch the eye of prospective purchasers, and are of such a flimsy nature that unless most carefully handled their use could not be long continued without crumpling them or breaking them at the fold. They are, in our opinion, simply paper folders, and are not of the permanent character ordinarily and commonly associated with the terms "needlebooks" and "needlecases."

\* \* \* \* \* \* \*

We can find no case, however, in which it has been held by the board or by the courts that goods of the nature of those here in controversy were needlebooks or needlecases classifiable as entireties in accordance with the decisions and the statute just cited. On the contrary, an examination of the decided cases seems to disclose that merchandise substantially identical with the importation here involved was consistently and uniformly admitted to free entry by the board under the free-list provisions for hand-sewing needles in the tariff acts of 1897 and 1909, which provisions differed from paragraph 555 of the tariff act of 1913 only to the extent that they did not provide for needles for shoe machines. \* \* \*.

\* \* \* \* \* \* \*

There is no evidence showing that the goods are known to the trade as needlebooks or needlecases, and in our opinion they do not meet the common or popular understanding of needlebooks or needlecases, and the fact that they are labeled "The Army and Navy Needle Book," and that they are so designated in the invoice, is not sufficient by itself to give them the tariff status of needlebooks, especially when it appears that they have been assigned to a different tariff status by repeated judicial decisions which have apparently received the approval of Congress. \* \* \*.

In view of the pronouncements of our appellate court in the recent decision of *Quong Yuen Shing Co.* v. *United States*, Suit 4365 (31 C. C. P. A. 43, C. A. D. 247), regarding Congressional approval of judicial construction, we are not at all certain whether the statement in the *Strauss* case, *supra*, that "* * * judicial decisions which have apparently received the approval of Congress," is correct. However that may be, we are satisfied that this case is controlled by the *Strauss* case, *supra*, following which we hold the merchandise in this case which was assessed with duty at 45 percent ad valorem under paragraph 343 of the act of 1930 to be properly entitled to free entry under paragraph 1724 of the same act, as alleged by the plaintiff.

To the extent ·indicated the specified claim in this suit is sustained; in all other respects and as to all other merchandise all the claims are overruled. Judgment will be rendered accordingly.

LAWRENCE, J., not participating.