**No. 63099.**—B. A. McKenzie & Co., Inc. *v.* United States, protest 329885–K (Seattle).

RAO, Judge: The B & M Distributing Co. of Tacoma, Wash., is the ultimate consignee of certain imported needles and needle threaders packaged as follows: The needles and threader are inserted into strips of metallic coated paper of various colors, which are apparently pasted to the inside faces of a lithographed cardboard folder, the whole of which is enclosed in a glassine paper envelope or wrapper. A sample of this merchandise is before the court as plaintiff's exhibit 1. The overall dimensions of the opened cardboard folder are 7 inches in length, 5 inches in width. The article is folded in half, across the width, and, accordingly, when folded, the length of each segment is 3½ inches. On the outside of the folder, there is certain advertising matter.

The collector of customs invoked the following provisions of the Tariff Act of 1930, and/or prevailing modifications thereof, in the classification of said merchandise:

For the needles, the provision of paragraph 1724 of said act, for hand sewing and darning needles, which are free of duty;

As applicable to the needle threaders, the provision for household utensils, wholly or in chief value of aluminum, in paragraph 339 of the Tariff Act of

1930, as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T.D. 51802, or the Sixth Protocol of Supplementary Concessions to said General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T. D. 54108, with the consequent assessment of duty at the rate of 4¼ cents per pound and 20 per centum ad valorem, or 3.85 cents per pound and 19 per centum ad valorem, respectively;

As applicable to the cardboard containers, the provision in paragraph 1406 of said act, as modified by said General Agreement on Tariffs and Trade, for lithographed articles not exceeding twelve one-thousandths of 1 inch in thickness, for which duty at the rate of 15 cents per pound is provided;

The metallic coated paper and the glassine envelope were apparently returned free of duty as the usual containers of duty-free merchandise, to wit, the needles.

The issue which has been raised in this case relates solely to the propriety of the collector's separate classification of the cardboard folders within the provisions of said paragraph 1406, as modified, *supra*. It is contended that such folders are the usual containers of needles, designed for no other use than in the *bona fide* transportation thereof and, hence, either that they are entitled to free entry as such, or, in the alternative, and by reason of the needle threaders which are dutiable merchandise, their value should be prorated between the two items.

It may be assumed that the collector's action in invoking said paragraph 1406, as modified, derives from the provisions of section 504 of the Tariff Act of 1930, which reads as follows:

If there shall be used for covering or holding imported merchandise, whether dutiable or free of duty, any unusual material, article, or form designed for use otherwise than in the bona fide transportation of such merchandise to the United States, additional duties shall be levied upon such material, article, or form at the rate or rates to which the same would be subjected if separately imported.

The vice president of the B & M Distributing Co. testified for the plaintiff that the subject needle folders were imported for sale to the Filter Queen Home Sanitation System of Chicago, for resale or distribution as a promotional item, in much the same fashion as printed matchbooks. He stated that after the needles are removed from the folder it is generally discarded. His own wife would not take the trouble to restore the needles to their original places, and the folder is what he would consider a one-time-use article.

Several similar needle folders, advertising other products, were received in evidence as plaintiff's collective exhibit 2.

Counsel for plaintiff, in a well-reasoned brief, suggests that the issue of whether cardboard containers of needles are usual containers of imported needles has been affirmatively determined, at least by implication, in prior adjudications, wherein needles imported in similar containers were held to be free of duty as sewing needles, rather than dutiable as needlecases or needlebooks, within the provisions of paragraph 343 of the Tariff Act of 1930, or predecessor provisions therefor. The cases of *United States* v. *Strauss Bros. & Co.*, 6 Ct. Cust. Appls. 498, T.D. 36125; *Levin Bros.* v. *United States*, 11 Cust. Ct. 74, C.D. 797; and *American Import Co.* v. *United States*, 11 Cust. Ct. 255, Abstract 48738, are cited as controlling decisions.

It is further urged that, even as a matter of first impression, the folders are not unusual containers within the purview of said section 504, in that they are not *per se* unusual, and are not designed for use otherwise than in the transportation of their particular complement of needles.

Counsel for the Government takes the position that the specific holders of the needles are the metallic papers through which they are inserted, and urges, therefore, that the cardboard folders are not the items which hold, carry, or transport the needles. It is also contended that, by reason of their susceptibility for reuse after the original needles are removed, the folders are not used solely for transportation and, hence, meet the test of unusual containers provided in the cases of *United States* v. *Garramone*, 2 Ct. Cust. Appls. 30, T.D. 31577; *Balfour, Guthrie & Co., Ltd.* v. *United States*, 27 C.C.P.A. (Customs) 17, C.A.D. 55; *United States* v. *C. J. Tower & Sons*, 36 C.C.P.A. (Customs) 106, C.A.D. 406; *John P. Herber & Co., Inc.* v. *United States*, 30 Cust. Ct. 193, C.D. 1519.

It is alternatively argued that the imported merchandise, as represented by plaintiff's exhibit 1, is an entirety embraced by the provision in paragraph 343, *supra*, for "needle cases or needle books furnished with assortments of needles or combinations of needles and other articles."

Reference to the case of *United States* v. *Strauss Bros. & Co., supra*, and the authorities therein cited, reveals that needlebooks and needlecases of many varieties have been imported into this country over a long period of years, and the question of their classification has frequently occupied the attention of the courts. In delving into the problem presented to it in connection with an importation described as "Rectangular pieces of lithographed paper, some 9 inches long and 2½ inches wide, folded in the middle, and having pasted on the inside of the folds five packets of needles of different numbers and a cloth stuck with needles of assorted sizes and one bodkin," the court, in the *Strauss* case, noted that in those previous instances where the coverings for needles were in the nature of *"permanent*, convenient, and ornamental receptacles for needles,"* [italics quoted] they were, when furnished with needles, considered as entireties, and, prior to the first enactment of an *eo nomine* provision for "needle cases and needle books," were generally classified according to their component material of chief value. Where, however, the needles were contained in flimsy paper folders, it was observed, they were "consistently and uniformly" admitted to free entry as hand sewing needles. The court thereupon concluded:

Taking into consideration that under the tariff acts of 1890 and 1897 needle-cases and needlebooks containing needles were held to be dutiable as entireties; that under the same acts folders containing needles were held not to be dutiable as needlebooks or needlecases, but free of duty as needles; that it was judicially determined that such folders were not classifiable under paragraph 164 of the tariff act of 1909, which contained a provision for needlebooks and needlecases furnished with needles; and that paragraph 164 of the tariff act of 1909, as well as the paragraphs of the tariff acts of 1890, 1897, and 1909, providing for the free entry of hand-sewing needles, were reenacted in the tariff act of 1913, we think it may well be assumed that the long-continued classification as needles of articles such as those involved in this appeal has received legislative approval.

There is no evidence showing that the goods are known to the trade as needle-books or needlecases, and in our opinion they do not meet the common or popular understanding of needlebooks or needlecases, and the fact that they are labeled "The Army and Navy Needle Book," and that they are so designated in the invoice, is not sufficient by itself to give them the tariff status of needlebooks, especially when it appears that they have been assigned to a different tariff status by repeated judicial decisions which have apparently received the approval of Congress. [Citing cases.]

In the case of *American Import Co.* v. *United States, supra*, it was held, on the authority of the *Strauss* case, that an importation of "cloth needles in various sizes contained in four paper folders which are attached to a cardboard folder 3 x 5 inches, all enclosed in an oiled-paper envelope," was entitled to free entry pursuant to the provision in said paragraph 1724 for hand sewing needles.

We have examined the exhibits in the *American Import Co.* case, which remain among the files of this court, and find them to be similar in all material respects to the merchandise at bar.

It is true, as frankly acknowledged by counsel for the plaintiff, that the issue of whether or not the paper holders were entitled to free entry as the usual containers of duty-free merchandise was not specifically determined in either of the foregoing cases. That such, however, is the natural consequence of the conclusions reached seems apparent. Moreover, it is a matter of which judicial notice may well be taken, especially in view of the frequency of importation of needles similarly encased, that cardboard folders are commonly employed as containers of needles, either, as here imported, first inserted in strips of paper, or initially enclosed in paper packets. Accordingly, we are not inclined to draw the fine distinction urged by counsel for defendant that it is the metal paper and not the cardboard cover which contains the needles.

That both may properly be regarded as the containers of the needles is the purport of the decision in the case of *United States* v. *Hohner et al.*, 4 Ct. Cust. Appls. 122, T.D. 33393, wherein it was held that certain tray boxes containing harmonicas, each separately packed in a cardboard case, utilized by retailers for display purposes, were not unusual containers within the contemplation of subsection 18 of section 28 of the Tariff Act of 1909 (the predecessor of § 504, *supra*). The court therein stated:

> We think, in view of the obvious purpose of the statute under consideration and in the light of the cases referred to, as well as many others which we have examined but not cited, it must be concluded that Congress contemplated that the coverings or containers of imported merchandise, if they are such as are customarily and ordinarily used in its transportation, are not separately dutiable under the provisions of said subsection 18.
> But if it appears that they are unusual and designed for some substantial, material, or valuable use other than that of holding or containing the merchandise while being therein transported, they are then subject to the additional duty. The transportation referred to in the section may include placing the same in the hands of the retailer, or in some cases in the hands of the consumer, and an incidental use of the covering or container, if one exists, may be enjoyed by the retailer in selling the particular merchandise so transported. The value of the alleged unusual container or covering, as compared with that of its contents, may be important in determining whether it is or is not separately dutiable. If it appears that after its use as a holder or container of the merchandise imported therein it becomes a subject of trade and commerce here, or if it is generally devoted to other uses, its adaptability to which are an important inducement to the consumer to purchase the same with its contents, or if it is sold with its contents and materially enhances the value thereof to the consumer, any such facts may warrant its separate duty assessment under the section. * * *

Applying the criteria for determining the unusual character of a container expressed in the *Hohner* case, *supra*, we find merit in the plaintiff's contention that the subject cardboard articles are the usual containers of needles. Inasmuch, however, as the completed imported articles are fitted with needle threaders which are dutiable merchandise, as well as with needles which are accorded free entry, the cost of the folders must be prorated between them, that portion of the cost thereof attributable to the needle threaders being dutiable at the rate of 4¼ cents per pound and 20 per centum ad valorem, or at the rate of 3.85 cents per pound and 19 per centum ad valorem, if entered subsequent to July 1, 1956, within the provisions of paragraph 339 of the Tariff Act of 1930, as modified by said General Agreement on Tariffs and Trade or by said sixth protocol, respectively, for household utensils, wholly or in chief value of aluminum, and that portion thereof attributable to the needles being free of duty.

The claim in the protest is sustained to the extent indicated. All other claims are, however, overruled.

Judgment will be entered accordingly.