BEFORE THE SECOND DIVISION, SEPTEMBER 28, 1959

**No. 63395.**—The Brabant Needle Co., Inc. *v.* United States, protests 58/750 and 58/10568 (New York).

RAO, Judge: By these protests, which have been consolidated for purposes of trial, plaintiff contests the action of the collector of customs in classifying certain imported needle wrappers as manufactures of paper, not specially provided for, within the purview of paragraph 1413 of the Tariff Act of 1930, as modified by the Annecy Protocol to the General Agreement on Tariffs and Trade, 84 Treas. Dec. 403, T.D. 52373, supplemented by Presidential proclamation, 85 Treas. Dec. 116, T.D. 52462, with the consequent assessment of duty thereon at the rate of 17½ per centum ad valorem.

It is claimed that said needle wrappers are the usual coverings of needles, and that since they were imported with needles, which are entitled to free entry pursuant to paragraph 1724 of said act, they are also entitled to free entry.

The rule that the usual coverings of duty-free merchandise are themselves entitled to free entry is one of long standing in customs jurisprudence. See *United States* v. *American Railway Express Co.*, 11 Ct. Cust. Appls. 211, T.D. 38968, and cases cited therein. Where, however, the covering or container is unusual in material or form, or is designed for use otherwise than in the *bona fide* transportation of the merchandise which it holds, it is provided, by the terms of section 504 of the Tariff Act of 1930, that such covering or container shall be subjected to the rate or rates of duty applicable if separately imported.

Said section 504 reads as follows:

If there shall be used for covering or holding imported merchandise, whether dutiable or free of duty, any unusual material, article, or form designed for use otherwise than in the bona fide transportation of such merchandise to the United States, additional duties shall be levied upon such material, article, or form at the rate or rates to which the same would be subjected if separately imported.

Since the subject wrappers were, in fact, imported with needles, which are entitled to free entry by the provisions of paragraph 1724, *supra*, it is apparent that the question raised in this case is whether or not they are usual coverings.

The wrappers are in evidence as plaintiff's exhibit 1 and plaintiff's collective exhibit 2. Except for certain particulars to which reference will hereinafter be made, they are the familiar black paper folders in which needles are commonly marketed for ultimate consumption. Indeed, the record shows that plain black folders of this type have served as packaging for needles for 50 years or more. What distinguishes the instant wrappers from the common variety is that there is affixed to the outside fold of each a small colored label containing the name of an insurance company or other business firm. It appears from the testimony of the president of the plaintiff company that the wrappers are specially ordered with the labels for sale to advertising specialty jobbers and agents who resell to the companies named on the labels, for eventual complimentary distribution to prospective clients or customers. Similar merchandise has been imported by his company for upwards of 15 years.

The advertising potential of the labels is not in contention. Its effect upon the character of the coverings is the point at issue between the parties. Counsel for the plaintiff argue that the presence of advertising matter on an imported article does not change its tariff status, citing *Scheuer & Co.* v. *United States*, 22 Treas. Dec. 645, T.D. 32422; *Wolf Co.* v. *United States*, 66 Treas. Dec. 861, Abstract 28394; *O. G. Hempstead & Son* v. *United States*, 53 Treas. Dec. 829, Abstract 4815; and *B. A. McKenzie & Co., Inc.* v. *United States*, 42 Cust. Ct. 392, Abstract 63099.

It is the position of counsel for the Government that, in view of the advertising matter, the wrappers in their condition as imported are designed for a purpose other than the *bona fide* transportation of the needles, namely, to promote the business of the company named on the label, and, therefore, the covering is an unusual one.

Seemingly, the precise question raised in this case is one of novel impression. So far as research reveals, it has not previously been contended in any litigation involving the issue of usual containers that the presence of advertising matter is a controlling factor. It does not follow, however, that coverings or containers bearing advertising material have not been the subject of prior judicial consideration.

In the case of *United States* v. *Hohner et al.*, 4 Ct. Cust. Appls. 122, T.D. 33393, it was held that display tray boxes for holding individually cased harmonicas were the usual containers thereof, notwithstanding the fact that the top cover, when open, showed an advertisement of "Hohner's Harmonicas." Although the decision turned on the effect of the display feature of the boxes, it apparently did not occur to the court that the boxes might be considered unusual because of the advertisement. Rather was the court governed by the following considerations:

We think, in view of the obvious purpose of the statute under consideration and in the light of the cases referred to, as well as many others which we have examined but not cited, it must be concluded that Congress contemplated that the coverings or containers of imported merchandise, if they are such as are customarily and ordinarily used in its transportation, are not separately dutiable under the provisions of said subsection 18. But if it appears that they are unusual and designed for some substantial, material, or valuable use other than that of holding or containing the merchandise while being therein transported, they are then subject to the additional duty. The transportation referred to in the section may include placing the same in the hands of the retailer, or in some cases in the hands of the consumer, and an incidental use of the covering or container, if one exists, may be enjoyed by the retailer in selling the particular merchandise so transported. The value of the alleged unusual container or covering, as compared with that of its contents, may be important in determining whether it is or is not separately dutiable. If it appears that after its use as a holder or container of the merchandise imported therein it becomes a subject of trade and commerce here, or if it is generally devoted to other uses, its adaptability to which are an important inducement to the consumer to purchase the same with its contents, or if it is sold with its contents and materially enhances the value thereof to the consumer, any such facts may warrant its separate duty assessment under the section. * * *

Clearly, where the printed matter advertises the product of the manufacturer or of the importer, which product is itself contained within the covering, there would seem to be little justification for that reason alone to characterize the container as unusual. It is a matter which the court may judicially notice that many boxes, cases, sacks, wrappers, jars, bottles, and the like, used for bringing imported goods into the hands of the consumer, customarily display the name of the manufacturer and/or importer or the jobber, as well as the brand name of the product. And since this practice is of such common occurrence, it is manifestly illogical, not to say absurd, to consider that containers so labeled are, therefore, unusual.

Does the fact that the advertising matter appearing on what is otherwise a usual container promotes the business of a commercial firm not concerned with the manufacture, distribution, or sale of the imported product alter this situation in any way?

This court apparently did not think so when confronted with importations of needles enclosed in cardboard folders upon which were printed the names of firms which purchased them "for resale or distribution as a promotional item, in much the same fashion as printed matchbooks." *B. A. McKenzie & Co., Inc.* v. *United States, supra.* See also, *American Import Co.* v. *United States*, 11 Cust. Ct. 255, Abstract 48738. Although it was not suggested in either of those cases that the printed matter made the containers unusual within the contemplation of section 504, *supra,* neither was this court dissuaded from the conclusion that they were not by reason of such printed matter.

We can not find in the presence of the advertisements on the wrappers at bar any evidence of a purpose to use them otherwise than in the *bona fide* transportation and holding of needles, within the principles laid down in *United States* v. *Hohner et al., supra.* The incidental intelligence that they are distributed through the compliments and courtesy of one insurance company or another, although of passing interest, does not make the covering a more or less convenient receptacle for the needles, nor impart any special qualities by which the wrappers themselves attain any unusual significance.

The contention of the plaintiff that the instant paper wrappers are the usual containers of duty-free merchandise, which are, therefore, entitled to the same free-entry status is sustained.

Judgment will be entered accordingly.