THE CHIEF JUSTICE: The judgment is reversed and cause remanded, with a direction to sustain the demurrer and to dismiss the action, upon the authority of *United States* v. *Mosby*, 133 U. S. 273.

*Reversed.*

## MAGONE *v.* ROSENSTEIN.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE
SOUTHERN DISTRICT OF NEW YORK.

No. 145.   Argued January 7, 8, 1892. — Decided January 11, 1892.

Soft wood boxes, imported from Sweden, containing parlor matches, or safety matches, are not subject to duty under the act of March 3, 1883, 22 Stat. c. 121, p. 488, § 7, p. 523. .
*Oberteuffer* v. *Robertson*, 116 U. S. 499, affirmed and applied.

THE defendant in error imported into the port of New York from Sweden 301 cases of matches known as parlor matches, and ten cases of matches known as safety matches.   The boxes contained about seventy matches each, and were made of very thin pieces of soft wood covered with paper, and so constructed that the receptacle containing the matches fitted snugly into the cover like a drawer and could be slid out of the cover at either end for the purpose of withdrawing the contents.

The defendant, as collector, classified the soft wood boxes for duty separately from the matches, and liquidated the duties on the boxes at the rate of 100 per cent *ad valorem*, the cost of packing not being included therein.   The duty so levied on the parlor-match boxes amounted to $315.43, and on the safety-match boxes to $69.57.

The importer duly protested and brought this action to recover back the duties on the boxes paid in obedience to said assessment.

It was admitted by the counsel for the plaintiff in error that the undoubted effect of the testimony was to show that the

surface on each box for producing ignition had for its sole object to facilitate the consumer's use of the contents of the box, and had no particular utility as a covering or protection for such contents.

The verdict was for the plaintiff. The defendant sued out this writ of error.

*Mr. Assistant Attorney General Maury* for plaintiff in error.

Section 7 of the act of March 3, 1883, 22 Stat. 523, c. 121, provides as follows:

"Sec. 7. That sections twenty-nine hundred and seven and twenty-nine hundred and eight of the Revised Statutes of the United States, and section fourteen of the act entitled 'An act to amend the customs revenue laws, and to repeal moities,' approved June twenty-second, eighteen hundred and seventy-four, be, and the same are hereby, repealed, and hereafter none of the charges imposed by said sections or any other provisions of existing law shall be estimated in ascertaining the value of goods to be imported, nor shall the value of the usual and necessary sacks, crates, boxes or covering of any kind be estimated as part of their value in determining the amount of duties for which they are liable: *Provided,* That if any packages, sacks, crates, boxes or coverings of any kind shall be of any material or form designed to evade duties thereon, or designed for use otherwise than in the *bona fide* transportation of goods to the United States, the same shall be subject to a duty of one hundred per centum *ad valorem* upon the actual value of the same."

The precise effect of the proviso of this section was not, perhaps, considered in *Oberteuffer* v. *Robertson*, 116 U. S. 499, the cartons, etc., used in that case being clearly for the sole purpose of protecting the merchandise during transportation, nor has the proviso been the subject of decision in any subsequent case in this court.

The duty of 100 per cent was assessed on the value of the boxes in which the matches were imported, in obedience to the

requirement of the proviso that such assessment should be made in all cases where coverings of any kind, in which merchandise was imported, were "of any material or form designed to evade duties thereon, *or designed for use otherwise than in the bona fide transportation of goods to the United States.*"

It was held by the collector, and properly held, we submit, that the prepared surface put on each match box contained in the importation showed an intention that the box should perform an important, not to say necessary, function in the consumption of its contents.

Indeed, it is clear that safety matches would hardly be merchantable without a prepared surface on each box. And while the prepared surface on the parlor-match box is not so necessary, it answers an important end in facilitating ignition, and thereby tending to protect the walls and furniture of houses from being used for that purpose.

It would seem, therefore, that in assessing duty, as stated, the collector acted in conformity to the law.

*Mr. Henry Aplington* for defendant in error. *Mr. Nelson Smith* was with him on the brief.

THE CHIEF JUSTICE: The judgment is affirmed upon the authority of *Oberteuffer* v. *Robertson*, 116 U. S. 499.

*Affirmed.*

---

## KENNEDY *v.* McKEE.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF TEXAS.

No. 126. Submitted December 16, 1891. — Decided January 4, 1892.

The statutes of Texas in relation to assignments for the benefit of creditors, 1 Sayles's Civil Stats. 61, 62, 68, Arts. 65a., 65c. and 65s., do not contemplate an assignment of partnership property only by partners for the benefit of creditors, and while such an assignment may be valid as to