### UNITED STATES v. LEGGETT et al.

(Circuit Court of Appeals, Second Circuit. January 9, 1895.)

1. CUSTOMS DUTIES— CLASSIFICATION — GLASS JARS AS COVERINGS FOR ROQUE-FORT CHEESE.

Small glass jars without necks, having straight inside walls and metal tops, are not unusual coverings for Roquefort cheese, within the meaning of Act June 10, 1890, § 19, providing that unusual coverings of merchandise shall be subject to an additional duty at the rate to which the same would be subject if separately imported; nor can they be classified as bottles or bottle glassware, under paragraph 103 of the Act of October 1, 1890.

2. SAME—CONSTRUCTION OF STATUTE.

The first clause of Act Oct. 1, 1890, declaring that, unless otherwise specially provided for, there should be levied upon all imported articles mentioned in the schedules the rates of duty respectively prescribed in such schedules, is not sufficiently definite to suggest that congress intended a reconstruction of the tariff system in regard to usual coverings of goods subject to a specific duty, so as to make glass jars, which otherwise would be entitled to free entry as usual coverings for Roquefort cheese, dutiable under paragraph 104, relating to glassware not specially provided for.

This was an application by the United States for a review of the decision of the board of general appraisers reversing the decision of the collector of the port of New York as to the rate of duty on certain glass jars containing Roquefort cheese, imported

by Francis H. Leggett & Co., The circuit court affirmed the decision of the board. The United States appealed.

James T. Van Rensselaer, Asst. U. S. Atty.

Comstock & Brown, for importers.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

SHIPMAN, Circuit Judge. Section 2907 of the Revised Statutes provided that in determining the dutiable value of imported merchandise "the value of the sack, box, or covering of any kind in which such merchandise is contained" should be added to the cost or the actual wholesale price of the merchandise at the time of exportation in the market of the country from whence imported. This section was repealed by section 7 of the tariff act of March 3, 1883, but with the proviso:

"That if any packages, sacks, crates, boxes or coverings of any kind shall be of any material or form designed to evade duties thereon, or designed for use otherwise than in the bona fide transportation of goods to the United States, the same shall be subject to a duty of one hundred per centum ad valorem, upon the actual value of the same."

Section 19 of the act of June 10, 1890, known as the "Customs Administrative Act," altered the seventh section of the act of 1883, and with respect to the usual coverings containing imported merchandise subject to an ad valorem rate of duty, returned to the pre-existing system. It provided "that the value of all coverings containing imported merchandise subject to an ad valorem rate of duty should be added in ascertaining the dutiable value of such merchandise," and instead of the penal duty of 100 per cent. ad valorem, imposed by the prior statute upon unusual coverings provided that unusual coverings of dutiable or free merchandise should be subject to an additional duty at the rate to which the same would be subject if separately imported. The statute was silent in regard to the usual coverings of imported merchandise subject to specific duties. Unless a change was made by subsequent legislation in regard to such coverings upon merchandise of that dutiable character, the usual glass coverings, not provided for as such, were not dutiable. Oberteuffer v. Robertson, 116 U. S. 499, 6 Sup. Ct. 462; Magone v. Rosenstein, 142 U. S. 604, 12 Sup. Ct. 391; Karthaus v. Frick, Taney, 94, Fed. Cas. No. 7,615. The tariff act of October 1, 1890, made the following provisions in regard to bottles and bottle glassware: "Duties are imposed by paragraph 103 upon all * * * bottles, * * * demijohns and carboys * * * and other molded or pressed, green and colored, and flint or lime bottle glassware;" by paragraph 104, the value of such bottles, etc., if filled with contents subject to an ad valorem duty, shall be added to the value of the contents; but, if filled with contents not subject to an ad valorem duty, or free of duty, such bottles or other vessels shall pay, in addition to the duty on the contents, the rates of duty prescribed in paragraph 103, "provided, that no article manufactured from glass described in the preceding paragraph, shall pay a less rate of duty than forty per centum ad valorem." In this state of the statutes, Francis

H. Leggett & Co. imported into the port of New York, in 1892, Roquefort cheese, contained in small glass jars or pots, without necks, having straight inside walls, and metal tops or covers. The collector properly assessed a specific duty of six cents per pound upon the cheese, according to the appropriate provision of the act of October 1, 1890, and furthermore assessed upon the jars a duty of 40 per cent. ad valorem, under the provision of paragraph 104, supra. The importers protested against the assessment upon the jars, because they were coverings of merchandise which was not subject to an ad valorem duty, or to a duty based upon the value thereof, were not unusual articles or forms designed for any use otherwise than in the bona fide transportation of the merchandise to the United States, were not covered by paragraphs 103 and 104, and were free of duty. The board of general appraisers reversed the decision of the collector, and the circuit court sustained the decision of the board, whereupon the United States appealed to this court.

The jars were not unusual coverings for Roquefort cheese, and were not intended for use otherwise than in the bona fide transportation of the merchandise. The principal claim of the United States is that they were bottle glassware. It is conceded that this term has no commercial meaning, and that the jars were not known commercially as bottles. We have been referred to the preceding tariff acts for a definition of the term, but they throw little light upon the meaning. In paragraph 133 of the tariff act of March 3, 1883, the term "bottle glass" is used, which apparently includes also "pickle or preserve jars." "Bottle glass" and "bottle glassware" probably are synonymous, and mean glassware of a nature like that of glass bottles, and therefore would, with reasonable clearness, include pickle and preserve jars, which ordinarily have a neck and an inside shoulder. The jars or small pots with metal covers, which are the ware in the case, do not resemble bottles any more than do tumblers; and we are clearly of opinion that they are not included within paragraphs 103 and 104.

The government next insists that the first clause of the act of October 1, 1890, declares that, unless otherwise specially provided for in the act, there should be levied upon all articles imported from foreign countries, and mentioned in the schedules, the rates of duty respectively prescribed in such schedules; that there was no general provision for free coverings; that there was a provision for manufactures of glass not specially provided for; and that, therefore, coverings of glass, which were not by name exempted from duty, were dutiable. The usual and necessary coverings of goods subject to specific duties have not been considered by the treasury department to be dutiable, unless such coverings were directly provided for in the tariff acts, since the decision of Karthaus v. Frick, supra, decided by Chief Justice Taney in 1840, who so construed the tariff act of 1832. The term of the decision in Oberteuffer v. Robertson, supra, is in harmony with this uniform construction. The very general language of the first clause of the tariff act of October 1, 1890, which is relied upon, is not sufficiently definite to suggest

that congress intended a reconstruction of the tariff system in regard to usual coverings of goods subject to specific duty. The decision of the circuit court is affirmed.