## UNITED STATES v. MATHEWS et al.

(Circuit Court of Appeals, Second Circuit. February 1, 1897.)

CUSTOMS DUTIES—CLASSIFICATION— NEEDLE CASES.

Coverings or cases made of silk, leather, or paper, and containing needles, such cases being ornamental articles, arranged as permanent receptacles for the needles, are dutiable under the tariff act of 1890, according to their component material of chief value, as manufactures of silk, leather, or paper, and are not entitled to free entry, as usual coverings of the needles, under section 19 of the act of June 10, 1890.

Appeal from the Circuit Court of the United States for the Southern District of New York.

Henry C. Platt, Asst. U. S. Dist. Atty.

Everet Brown, for appellees.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

SHIPMAN, Circuit Judge. In the year 1891, the firm of Mathews, Blum & Vaughan imported into the port of New York sundry invoices of articles which they styled coverings or cases containing needles. These cases were made either of silk or of leather or of paper, but were not like the well-known folded paper covers in which needles are wrapped. The collector assessed the cases as entire articles, according to their component material of chief value, either as manufactures of paper, under paragraph 425, or manufactures of leather, under paragraph 461, or manufactures of silk, under paragraph 414, of the act of October 1, 1890. The importers protested against this assessment, upon the ground that needles are free under paragraph 656 of the tariff act of 1890, and that the cases were usual coverings of the needles, and therefore, under section 19 of the act of June 10, 1890, were also free of duty. The action of the collector was affirmed by the board of general appraisers, who found that needle cases of this general character are specific articles of merchandise, and, although they are used for holding needles imported in them, they are not usual coverings, but are articles designed for use otherwise than in the bona fide transportation of needles in the United States. The board also found, upon a similar

protest, which, in their opinion, related to the same substantial facts as those in this appeal, that the cases "are arranged as permanent, convenient, and ornamental receptacles for the needles which they contain, and that they are, with their contents, invoiced and imported as an entirety, and designed to be sold as 'furnished needle cases.'" In the present case the books were not invoiced as entireties. The circuit court reversed the decision of the board of general appraisers, upon the ground that the cases were usual and ordinary coverings.

We concur in the finding of facts of the board, and think that while the cases cover needles, and while the articles are extensively imported, the books are more than coverings, and are not designed to be used in the ordinary transportation of needles. They are ornamental articles, designed to be sold and used as such, and are properly described as furnished needle cases. A description of them as coverings for needles conveys an inadequate idea of the merchandise. The facts in the case are substantially different from those in Magone v. Rosenstein, 142 U. S. 604, 12 Sup. Ct. 391, or in U. S. v. Leggett, 26 U. S. App. 531, 13 C. C. A. 448, and 66 Fed. 300. The decision of the circuit court is reversed.