## UNITED STATES v. DIECKERHOFF, RAFFLOER & CO.

(Circuit Court of Appeals, Second Circuit. January 7, 1908.)

### No. 108 (4,152).

1. CUSTOMS DUTIES—CLASSIFICATION—ENTIRETIES—FURNISHED NEEDLE CASES —COVERINGS—"COVERINGS OF NEEDLES."

Paper articles, resembling pocketbooks in outward appearance, contained pockets filled with needles, and they were completed structures before the needles were added. *Held*, that they were not dutiable as coverings of the needles, under Customs Administrative Act June 10, 1890, c. 407, § 19, 26 Stat. 139 (U. S. Comp. St. 1901, p. 1924), nor dutiable as entireties

160 F.—29

composed of paper and metal (needles), but that they and the needles they contained should be classified separately, as though imported independently.

**2. APPEAL AND ERROR—ASSIGNMENT OF ERRORS—OMISSION.**

On appeal from the Circuit Court it appeared that the appellee had been entitled to relief different from that decreed by that court. *Held* that, as the point had not been raised, the judgment of the Circuit Court must be affirmed, though incorrect.

Appeal from the Circuit Court of the United States for the Southern District of New York.

This cause comes here upon appeal from a decision of the Circuit Court reversing a decision of the Board of General Appraisers (G. A. 6,220; T. D. 26,887), which sustained the action of the collector in assessing duty upon certain articles imported under the tariff act of 1897.

For decision below, see 151 Fed. 957.

J. Osgood Nichols, Asst. U. S. Atty.

Curie, Smith & Maxwell (W. Wickham Smith, of counsel), for importers.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

LACOMBE, Circuit Judge. The merchandise consists of books or cases made of paper, resembling card cases or pocketbooks in outward appearance. When opened, they disclose a succession of flat pockets, with flaps and with lettering and figures indicating in' which particular pocket and in which part of each pocket needles of different class and size are to be placed. In each particular compartment, laid flat and neatly side by side, are placed the needles of the class and size which the lettering opposite that compartment calls for. The collector ascertained the value of both the case and the contents, and upon the total aggregate valuation assessed duty at the rate of 45 per cent. ad valorem, as "articles or wares not specially provided for in this act, composed wholly or in part of iron, steel * * * or other metal" under Act July 24, 1897, c. 11, § 1, Schedule C, par. 193, 30 Stat. 167 (U. S. Comp. St. 1901, p. 1645). Needles are on the free list: "Par. 620. Needles, hand sewing, and darning"—and the importers' protest claimed that the whole article, case and contents together, should be admitted free under that paragraph. It was also claimed, in the alternative, that they were dutiable under section 6, either as a nonenumerated unmanufactured article at 10 per cent. or as "article manufactured, in whole or in part, not provided for in the act," at 20 per cent. Of the claims raised before the General Appraisers that board said:

"The testimony is practically unanimous to the effect that the articles have been known in commerce and have been bought and sold for many years, and that they have always been handled as entireties and called by the name 'needle cases' or 'needle books.' The claim of the importers seems to be that, inasmuch as the cases or books are the usual covering for needles in such quantities, said books or cases are free of duty as the usual coverings of free goods. Some force is added to this contention by the fact, which we find, that the same number and assortment of needles which are contained in the cheaper varieties of these paper cases or books cost no more in said

cases than an equal number of needles packed in the familiar black paper packets, 25 to a packet, would cost. No question is raised as to black paper packets, which are admittedly free of duty as the usual covering of hand sewing needles."

The board sustained the collector on the ground that "the component material of chief value is metal," stating that they were concluded in respect to the question raised by the decisions of the Circuit Court of the Third Circuit in Wanamaker v. Cooper (C. C.) 69 Fed. 465, and of this court in U. S. v. Mathews, 78 Fed. 345, 24 C. C. A. 127. There seems to be some misapprehension of the scope of our decision in the case last cited. The only question before us was whether the cases were usual coverings of the needles, and therefore, under section 19 of the customs administrative act (Act June 10, 1890, c. 407, 26 Stat. 139 [U. S. Comp. St. 1901, p. 1924]), were free of duty. We held that:

"While the cases cover needles, and while the articles are extensively imported, the books are more than coverings, and are not designed to be used in the ordinary transportation of needles. They are ornamental articles, designed to be used and sold as such, and are properly described as furnished needle cases. A description of them as coverings for needles conveys an inadequate idea of the merchandise."

The propriety of considering case and contents as a unitary article composed in part of metal was not passed upon in that opinion, because it was not raised. It appears from inspection of the sample that the case was a fully completed structure before the needles were stowed in it. It was a case or book designed for and adapted to the holding of needles. After the user has worn out or lost the assortment of needles which it originally held, he can still use it as a receptacle for other needles. The case itself is composed of paper, and the suggestion that, when needles are stored in it, it becomes an article composed in part of metal, seems about as reasonable as would be the proposition that a square pasteboard box becomes an article composed in part of rubber when it is filled with rubber bands. It would seem that these cases are properly dutiable under paragraph 407 as manufactures of paper, not specially provided for (unless they are covered by some other clause in the paper schedule), while the needles which they hold are entitled to free entry; but we cannot direct such a disposition of the case at bar, because the importers did not raise this point in their protest and have not appealed from the decision of the Circuit Court. It is sufficient now to decide that the government is not entitled to a reversal on the theory that case and contents together constitute an "article composed in part of metal."

The decision of the Circuit Court is affirmed.