UNITED STATES *v.* THOMSEN & CO. (No. 1970).[1]

ENTIRETY.
    Merchandise consisting of a paper carton or box, fitted with small boxes and baskets, intended for counter display after children's handkerchiefs have been put into the small boxes and baskets, is not an entirety. The decision of the Board of United States General Appraisers refusing to sustain the collector's classification thus and assessment of duty as being in chief value of surface-coated paper under paragraph 324, tariff act of 1913, and directing classification of the carton under paragraph 332 as a manufacture in chief value of paper, and the smaller containers some as articles in chief value of surface-coated paper under paragraph 324 and some as manufactures in chief value of wood under paragraph 176, is affirmed.

United States Court of Customs Appeals, November 25, 1919.

APPEAL from Board of United States General Appraisers, G. A. 8224 (T. D. 37871).

[Affirmed.]

*Bert Hanson,* Assistant Attorney General (*Martin T. Baldwin,* special attorney, of counsel), for the United States.
*Allan R. Brown* for appellees.

[Oral argument Oct. 17, 1919, by Mr. Hanson and Mr. Brown.]

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

SMITH, Judge, delivered the opinion of the court:

A carton or box, composed of surface-coated paper and 36 small boxes and baskets contained in the carton, some of which boxes were made of surface-coated paper, some of wood covered with surface-coated paper, and some of wood painted, were returned by the appraiser as an entirety, composed in chief value of surface-coated paper and assessed for duty by the collector at 35 per cent ad valorem under paragraph 324 of the tariff act of 1913, which paragraph, in so far as pertinent to the case, reads as follows:

324. * * * Papers with coated surface or surfaces suitable for covering boxes, not specially provided for * * * and all other articles composed wholly or in

---

chief value of any of the foregoing papers, not specially provided for in this section, and all boxes of paper or papier-mâché or wood covered with any of the foregoing papers or covered or lined with cotton or other vegetable fiber, 35 per centum ad valorem.

The importer protested that the boxes were separately dutiable, some of them as baskets at 25 per cent ad valorem under paragraph 175, some at 15 per cent ad valorem under paragraph 176 as manufactures in chief value of wood, and some at 25 per cent ad valorem under paragraph 332 as manufactures of paper.

The Board of General Appraisers held that the large carton was dutiable at 25 per cent ad valorem under paragraph 332 as a manufacture in chief value of paper, that 12 of the small boxes were dutiable at 35 per cent ad valorem under paragraph 324 as articles in chief value of surface-coated paper, and that the rest of the boxes were dutiable at 15 per cent ad valorem under paragraph 176 as manufactures in chief value of wood. From that decision the Government appealed.

On the hearing before the board it appeared from the samples and the testimony submitted that six of the small containers were made of wood chip and rush woven into the form of small covered baskets, and that 18 of the baskets were manufactures in chief value of wood. The importer admitted that 12 of the boxes were composed in chief value of surface-coated paper and that they were properly assessed for duty at 35 per cent ad valorem under paragraph 324. It further appeared that cartons containing boxes and baskets such as those under discussion are, after importation, sold to dealers, who place in each of the smaller containers two children's handkerchiefs, and that each of the boxes and baskets containing the two handkerchiefs is ultimately offered for sale to the consumer as a separate article by the legend printed on the inside cover of the carton: "Children's handkerchiefs, two in a box, your choice for 10 cents a box."

The evidence in the case establishes beyond contradiction that the carton and each of the smaller boxes is an independent, distinct entity, complete in itself, and that none of them is either a part of any of the others or essential to their convenient use by the consumer. With the exception that they are used for the same general purpose, the small boxes have no relation whatever one to the other, and the relation of the carton to the smaller boxes is solely that of container and advertising medium. On and after importation the carton is a container of the boxes and after importation the boxes and baskets become the containers of children's handkerchiefs. As containers, the carton, boxes, and baskets may be said to have the same general purpose, but it can hardly be deduced from that that any of them is necessary to complete any of the others. The carton was made to hold the boxes and baskets, the baskets and boxes were made to hold the handkerchiefs, but the carton is just as much an entirety

without the baskets as is each basket and box without the handkerchiefs.

Indeed, if the importation here involved were held to be an entirety, it would logically follow that similar cartons filled with boxes containing handkerchiefs and all other containers containing containers of merchandise used by retailers would have to be so regarded. As is very clearly pointed out by General Appraiser Fischer in the very convincing decision of the board, such a ruling as that would result in the classification of the article actually sold to and used by the consumer not as what it truly is but as something absurdly different and carrying a higher or lower rate of duty than that expressly imposed by the statute. A box of rubber bands would become an article in part of rubber, a box of needles would be classified not as needles but as an article in part of metal, and handkerchiefs in fancy wooden or even paper boxes would be assessed not as handkerchiefs of silk or cotton but as manufactures in chief value of wood or surface-coated paper. See United States *v.* Dieckerhoff (160 Fed., 449; T. D. 28716).

The Government expressly states that the only point involved in this case is the question as to whether the importation is an entirety, and to that point this decision is therefore limited.

The decision of the board is *affirmed*.