## UNITED STATES *v.* SASSI (No. 2607) [1]

1. CONSTRUCTION, PARAGRAPH 217, TARIFF ACT OF 1922—BOTTLES.

The scope of paragraph 217, Tariff Act of 1922, is explicitly limited to bottles suitable and ordinarily employed for the holding and transportation of merchandise. The language of the paragraph excluding "'bottles for table service' means decanters, bottles, cruets, glasses, and dishes *fit to be placed and used on the table.*" The provision of the paragraph for "covered or uncovered demijohns, and carboys" does not manifest an intention to exclude all other covered glass containers. A bottle with a wicker covering which is neither the principal constituent nor the component of chief value, is still a bottle under the paragraph.

2. CHIANTI BOTTLES.

Chianti bottles, in chief value of plain, green, blown, lime glass, partly covered by wicker, used for the holding and transportation of vinegar, are dutiable as bottles under paragraph 217, Tariff Act of 1922, and not as blown-glass articles under paragraph 218.

### United States Court of Customs Appeals, December 4, 1925

APPEAL from Board of United States General Appraisers, G. A. 8985 (T. D. 40842)

[Affirmed.]

*William W. Hoppin,* Assistant Attorney General (*Charles D. Lawrence* and *Peter A. Abeles,* special attorneys, of counsel), for the United States.
*Allan R. Brown* for appellee.

[Oral argument Oct. 6, 1925, by Mr. Lawrence and Mr. Brown]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

SMITH, Judge, delivered the opinion of the court:

Empty Chianti bottles, composed in chief value of plain, green glass and partly covered with platted straw, platted reed, or with wickerwork, were classified by the collector of customs as articles in chief value of blown glass. The importation was accordingly assessed for duty at 55 per centum ad valorem under that part of paragraph 218 of the Tariff Act of 1922 which reads as follows:

PAR. 218. * * * all articles of every description not specially provided for, composed wholly or in chief value of glass or paste, or combinations of glass and paste, blown or partly blown in the mold or otherwise, or colored, cut, engraved, * * * or decorated, or ornamented in any manner, whether filled or unfilled, * * * 55 per centum ad valorem; * * *

The importer protested that the goods were either plain green glass bottles or lime-glass bottles and that they were therefore dutiable either at 1 cent per pound or 1½ cents per pound under that part of paragraph 217 which reads as follows:

PAR. 217. Plain green or colored, molded or pressed, and flint, lime, or lead glass bottles; vials, jars, and covered or uncovered demijohns, and carboys, any of the foregoing * * * shall pay duty as follows: If holding more than

---

[1] T. D. 41233.

one pint, 1 cent per pound; if holding not more than one pint and not less than one-fourth of a pint, 1½ cents per pound; * * * provided that the term "bottles" * * * as used herein, shall be restricted to such articles when suitable for use and of the character ordinarily employed for the holding or transportation of merchandise, and not as appliances or implements in chemical or other operations, and shall not include bottles for table service and thermostatic bottles.

The board sustained the protest and the Government appealed.

The testimony in the case establishes without contradiction that the bottles are composed in chief value of blown *lime glass;* that the bottles are empty and have a conical bottom; that they are partly incased by a straw, reed, or wickerwork covering, which furnishes some protection to the glass and a base to hold the bottle upright; that the bottles were originally used to contain and transport Chianti wine, but that at the time of importation such bottles were employed for the holding and transportation of vinegar.

F. L. Van Etten, an examiner of merchandise, testified for the importer that the Chianti bottles were in his judgment plain green glass bottles, and that ever since the passage of the Tariff Act of 1922 covered Chianti bottles containing vinegar had been returned by him for duty at the pound rate under paragraph 217.

Edward Fitzpatrick, another examiner of merchandise and a witness for the Government, testified that the bottles stripped of their covering were plain green, blown lime-glass bottles; that the component of chief value was blown glass.

Paragraph 217, under which the importer claims, provides for plain green or colored glass bottles, molded or pressed, flint-glass bottles, lime-glass bottles, and lead-glass bottles. The scope of that paragraph is explicitly limited to bottles suitable and ordinarily employed for the holding and transportation of merchandise. From its operation thermostatic bottles, bottles for table service, and bottles used as appliances or implements in chemical and other operations are expressly excluded.

The Government contends—first, that the bottle and the straw, reed, or wickerwork covering constitute an entirety, which is no longer a bottle, but a different article, the tariff status of which was determined in *United States* v. *Mulhens & Kropff et al.,* 4 Ct. Cust. Appls. 496, T. D. 33917; second, that, as paragraph 217 provides for *covered* carboys and demijohns, all other covered glassware must be excluded from the operation of the paragraph; third, that Chianti bottles are designed for table service and that they are therefore excepted from paragraph 217.

We can not agree with any of the contentions made by the Government.

The case of *United States* v. *Mulhens & Kropff,* upon which the Government relies, dealt with glass bottles around which willow

strands were closely woven in such a way as to cover all of the glass with the exception of about one-half inch of the neck of the bottle. The bottles could not be withdrawn from the covering without destroying the woven-willow strands. That which determined the classification of the merchandise, however, was the fact that the wicker-work covering, not the glass bottle, was the component material of chief value. The Government in that case contended that the merchandise there in issue was an entirety which was classifiable as a manufacture of willow and not as a bottle. This court sustained that contention and held that the article in issue "had passed beyond the common meaning of the term plain green, etc., glass bottles." The court declined to determine the tariff status of Chianti bottles and the board's previous classification of them as plain green glass bottles was left undisturbed by the decision in *United States* v. *Mulhens & Kropff*. We are therefore of the opinion that *United States* v. *Mulhens & Kropff* is not decisive of the issues raised by this appeal.

Moreover, it has never been held, so far as we are aware, that narrow-necked glass containers lost their identity as bottles and became something else if partially enveloped by a reed straw or wickerwork covering which was neither the principal constituent of the entirety nor its component of chief value. Indeed, the board and the courts have held more than once that such coverings were nothing more than usual coverings and therefore dutiable as part of the value of the bottle. *Protest of Reisinger*, T. D. 16568, G. A. 3264, decided October 23, 1895; *Protest of Reisinger*, T. D. 17961, G. A. 3836, decided March 8, 1897; *Whitteman* v. *Magone* (unreported), decided by the circuit court November 22, 1892.

The Treasury Department ruled on February 10, 1887, that straw envelopes for bottles were not coverings for the safe transportation of the bottles and were dutiable as separate tariff entities. Synopsis of T. D. 8046. That ruling was confirmed in March, 1887, and in July, 1886. See synopsis of T. D. 8146 and T. D. 8960. Those rulings, however, were not in accord with the principle announced in *Oberteuffer* v. *Robertson*, 116 U. S. 499, at p. 514, and *Magone* v. *Rosenstein*, 142 U. S. 604.

From the provision for "carboys and demijohns (covered or uncovered)" it can not be logically deduced that there was a legislative intent to exclude from the operation of the paragraph all other covered glass containers. If the enumeration of covered carboys and demijohns justifies the conclusion that *covered green glass* bottles are not within paragraph 217, then by a parity of reasoning *uncovered* green glass bottles are also beyond its scope inasmuch as it provides

for uncovered carboys and demijohns. Plainly the interpretation for which the Government contends is untenable inasmuch as it would leave paragraph 217 effective as to carboys and demijohns only and render of no avail the specific designation therein of various other glass containers.

Prior to the passage of the Volstead Act, Chianti bottles were used for the transportation of wine to the United States. Since the Volstead Act went into effect such bottles are employed as containers for the transportation and importation of vinegar into this country. Bottles used for transportation purposes do not belong to that class of bottles of which the decanter is the type and it certainly requires a vivid imagination to conceive of their use as table equipment except in the last extremity. The expression " bottles for table service " means decanters, bottles, cruets, glasses, and dishes *fit to be placed and used on the table.*

The term "table service" can not be applied to glass bottles which are not adjuncts of the table and are nothing more than cheap unattractive containers intended to be used for the transportation or the holding in store of liquids or other commodities.

The prototype of paragraph 217 is found in schedule B of the tariff act of 1883 and reads as follows:

PAR. 217. Green and colored glass bottles, vials, demijohns, and carboys (covered or uncovered), pickle or preserve jars, and other plain, molded, or pressed green and colored bottle glass, * * * not * * * painted * * *, 1 cent per pound.

Flint and lime glass bottles and vials, and other plain, molded, or pressed flint or lime glassware, * * * 40 per centum ad valorem.

Articles of glass, cut, engraved, painted, colored, * * * stained, silvered, gilded * * *, 45 per centum ad valorem.

In the act of 1890 green colored glass bottles and articles of colored, stained, or decorated glass, were separately provided for in paragraphs 103 and 106, which paragraphs read as follows:

PAR. 103. Green and colored, molded or pressed, and flint and lime glass bottles * * * and demijohns and carboys (covered or uncovered), and other molded or pressed, green and colored and flint or lime bottle glassware, * * * 1 cent per pound.

PAR. 106. All articles of glass, cut, engraved, painted, colored, printed, stained, decorated, silvered, or gilded, * * * 60 per centum ad valorem.

Paragraphs 103 and 106 of the act of 1890 were reenacted with unimportant modifications as paragraphs 88 and 89 of the tariff act of 1894.

Paragraph 90 of the tariff act of 1894 was as follows:

PAR. 90. All glass bottles, decanters, or other vessels or articles of glass, when cut, engraved, painted, colored, printed, stained, etched, or otherwise ornamented or decorated, * * * 40 per centum ad valorem.

Paragraph 89 of the act of 1894 was struck out of the act of 1897, and paragraphs 88 and 90 of the act of 1894, respectively, became paragraphs 99 and 100 of the act of 1897, which last-named paragraphs were made to read as follows:

PAR. 99. Plain green or colored, molded or pressed, and flint, lime, or lead glass bottles, vials, jars, and covered or uncovered demijohns and carboys, * * * 1 cent per pound.

PAR. 100. Glass bottles, decanters, or other vessels or articles of glass, cut, engraved, painted, colored, stained, silvered, gilded, etched, frosted, printed in any manner or otherwise ornamented, decorated, * * * 60 per centum ad valorem.

It will be noted that all four tariff acts made a distinction between common ordinary colored glass bottles and those which were ornamented, decorated, or made attractive by cutting, engraving, painting, coloring, staining, silvering, or gilding. The three later acts provided in express terms for colored glass bottles at one rate of duty and for colored glass bottles at another and a higher rate.

The circuit court of appeals, called upon to interpret paragraph 90 of the tariff act of 1894, held that the therein contained phrase "or otherwise ornamented or decorated" excluded from the paragraph all articles which had not been ornamented or decorated by some of the processes therein specified and that glass articles processed for a utilitarian and not for a decorative or ornamental purpose were not within the terms of the paragraph. *Koscherak et al.* v. *United States,* 98 Fed. 596. The Koscherak decision and the necessity of reconciling provisions providing different rates of duties for colored glass bottles obliged the board to reach a conclusion as to what was a plain green or colored glass bottle. Two years and a half after the Koscherak case was finally decided the board was called upon to classify "jet buckles" made of glass and metal, and held that a plain black colored glass could not be considered as ornamented or decorated because of the color effect. More than that, the board indicated that a plain color *per se* could not be regarded as ornamental or decorative. *Protest of Hawley, Green & Co.,* T. D. 24547. That decision of the board was followed in T. D. 24677, in which it was held that a coloring imparted to glass during the making of the glass produced a plain colored glass, and that therefore the glass was not ornamented or decorated by the coloring so imparted. Subsequently, in T. D. 24991, the board decided that a *plain color* was a single solid color. In T. D. 26933 the board ruled that pendants for chandeliers made of glass, colored yellow in the pot, were within the reasoning of T. D. 24991, and that as they were *pot colored and not colored by a superadded process* they might well be regarded as ornamental glassware but not as *ornamented* glassware. See *United States* v. *Wakem,* 2 Ct. Cust. Appls. 411, 419, T. D. 32170.

In 1909 Congress met the construction put upon the colored-bottle provisions of the prior acts by limiting the operation of the lower rate paragraph to such bottles as were suitable and of the character ordinarily employed for the holding or transportation of merchandise.

Taking into consideration the history of the legislation and the fact that the bottles in this case are used for the holding and transportation of vinegar and wine, they are subject to the duty imposed by paragraph 217, which is a substantial reenactment of paragraph 97 of the act of 1909 and paragraph 83 of the act of 1913.

The judgment of the Board of General Appraisers must therefore be *affirmed*.

BLAND, Judge, concurs in the conclusion.