BALFOUR-GUTHRIE & CO., LTD. *v.* UNITED STATES (No. 3828)[1]

United States Court of Customs and Patent Appeals, April 8, 1935

*Lawrence A. Harper* (*Abraham Gottfried* of counsel) for appellant.
*Joseph R. Jackson*, Assistant Attorney General (*Ralph Folks* and *Thomas J. Canty*, special attorneys, of counsel), for the United States.

[Oral argument February 4, 1935, by Mr. Folks; submitted on brief by appellant]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

HATFIELD, Judge, delivered the opinion of the court:

This is an appeal from a judgment of the United States Customs Court holding certain glass bottles, less than one pint in capacity, imported filled with "stout", dutiable as assessed by the collector at the port of Los Angeles, Calif., at one-half of one cent per pound under paragraph 217 of the Tariff of 1930, in accordance with paragraph 810 of that act.

PAR. 810. When any article provided for in this schedule is imported in bottles or jugs, duty shall be collected upon the bottles or jugs at one-third the rate provided on the bottles or jugs if imported empty or separately.

[1] T. D. 47652.

The pertinent part of paragraph 217 reads:

PAR. 217. Bottles * * * wholly or in chief value of glass, filled or unfilled, * * * whether their contents be dutiable or free (except such as contain merchandise subject to an ad valorem rate of duty, or to a rate of duty based in whole or in part upon the value thereof, which shall be dutiable at the rate applicable to their contents), shall be subject to duty as follows: * * * if holding not more than one pint and not less than one-fourth of one pint, 1½ cents per pound; * * * *Provided*, That the terms "bottles", * * * as used herein, shall be restricted to such articles when suitable for use and of the character ordinarily employed for the holding or transportation of merchandise, and not as appliances or implements in chemical or other operations, and shall not include bottles for table service and thermostatic bottles.

It is contended by counsel for appellant that the involved bottles are "bottles for table service"; that they are, therefore, excluded from the provisions of paragraph 217, *supra;* and that they are dutiable under paragraph 218 (f) of that act, the pertinent part of which reads:

PAR. 218. (f) Table and kitchen articles and utensils, and all articles of every description not specially provided for, composed wholly or in chief value of glass, blown or partly blown in the mold or otherwise, * * * whether filled or unfilled, or whether their contents be dutiable or free, 60 per centum ad valorem.

On the trial below, appellant submitted the testimony of but one witness, Francisco Castelazo, a "Customhouse broker." He testified that he had used merchandise like that here involved. We quote the pertinent part of his testimony:

* * * when you go to a restaurant or anything like that you ask for a bottle of beer and the waiter brings you the bottle and opens it right in front of you.

Q. Does he put the bottle on the table?—A. Yes, he does.

Q. And do you serve yourself out of the bottle?—A. Yes, I do.

Q. Have you ever used merchandise like this in your home?—A. I have.

Q. At that time how did you use it?—A. The bottles are placed on the table and when we are ready to drink we open them and serve in the glasses.

Q. And you serve the others out of the bottle while it remains on the table and you leave it on the table?—A. Right.

Q. Have you ever seen merchandise like this emptied from the bottles prior to bringing it to the table and poured into any other containers for the purpose of holding and service?—A. Only at parties—that is, when you had a big crowd.

*        *        *        *        *        *        *

The WITNESS. You know when you have ten or fifteen people you open the bottles into a pitcher and you use the pitcher to pour from into the glasses.

Judge McCLELLAND. You empty the bottles into a jug or pitcher.

*        *        *        *        *        *        *

Q. Is that use, compared to the other use you have seen and used yourself, a rare use?—A. Yes, I would say that.

Q. Would you say the majority of times you have seen it used you have seen the bottles actually brought to the table and the contents served out of the bottles while they remain on the table?—A. That is right.

In support of his contention, counsel for appellant relies upon the decision of this court in the case of *United States* v. *Sassi*, 13 Ct. Cust.

Appls. 319, T. D. 41233, where, it is argued, it was held that "bottles for table service" were such as were "fit to be placed and used on the table", and that as the involved bottles are "fit to be placed and used on the table", and are, in fact, at times so used, they are "bottles for table service", and are, therefore, excluded from paragraph 217, supra.

In the case of *United States* v. *Sassi*, *supra*, this court, in holding that. Chianti bottles, composed of plain glass partly covered with "platted straw", "platted reed", or with "wicker work", were not "bottles. for table service", but were dutiable under paragraph 217 of the Tariff Act of 1922, the predecessor of paragraph 217 of the Tariff Act of 1930, said:

\* \* \* Bottles used for transportation purposes do not belong to that class of bottles of which the decanter is the type and it certainly requires a vivid imagination to conceive of their use as table equipment except in the last extremity. The expression "bottles for table service" means decanters, bottles, cruets, glasses,. and dishes *fit to be placed and used on the table.*

The term "table service" can not be applied to glass bottles which are not. adjuncts of the table and are nothing more than cheap unattractive containers intended to be used for the transportation or the holding in store of liquids or other commodities.

It is obvious from that decision, and also from the plain meaning of the statute, that the phrase "bottles for table service", has reference to such bottles as are "adjuncts of the table", something other than the ordinary containers used for the "holding or transportation of merchandise."

The involved bottles are no more adjuncts "of the table"—"bottles for table service", than are ordinary catsup or milk bottles, designed, suitable, and of the character ordinarily employed, for the holding or transportation of catsup and milk, both of which are frequently used on the table.

We think it was the purpose of the Congress to include within the provisions "bottles for table service", bottles particularly adapted for use on the table. The involved bottles are not of that character. They are, as stated by the witness, ordinary beer bottles, and are, obviously, designed, suitable, and of the character ordinarily employed, for the holding or transportation of merchandise, and clearly dutiable under paragraph 217, *supra.*

The judgment is *affirmed.*