BEFORE THE FIRST DIVISION, MAY 29, 1961

No. 65708.—F. H. Kaysing *v.* United States, protest 58/15962 (St. Louis).

OLIVER, Chief Judge: This protest relates to certain merchandise described on the invoice as "Level vial Units." It was classified by similitude in use to

blown glass articles under paragraph 218(f) of the Tariff Act of 1930, as modified, and paragraph 1559, as amended, with a duty assessment at the rate of 30 per centum ad valorem.

Plaintiff's principal claim is for classification by similitude in use to glass vials, holding less than one-fourth of one pint, under paragraph 217 of the Tariff Act of 1930, and paragraph 1559, as amended, carrying a dutiable rate of 50 cents per gross. Paragraph 217 of the Tariff Act of 1930, so far as pertinent, reads as follows:

Bottles, vials, jars, ampoules, * * * wholly or in chief value of glass, filled or unfilled, not specially provided for, * * *: If holding more than one pint, 1 cent per pound; if holding not more than one pint and not less than one-fourth of one pint, 1½ cents per pound; if holding less than one-fourth of one pint, 50 cents per gross: *Provided*, That the terms "bottles," "vials," "jars," "ampoules," * * * as used herein, shall be restricted to such articles when suitable for use and of the character ordinarily employed for the holding or transportation of merchandise, and not as appliances or implements in chemical or other operations, and shall not include bottles for table service and thermostatic bottles.

Alternative claims are made for classification by similitude in use to manufactures of glass, not specially provided for, under paragraph 230(d), as modified, and paragraph 1559, as amended, with duty assessment at the rate of 22½ per centum ad valorem, or as nonenumerated manufactured articles under paragraph 1558, as modified, with a dutiable rate of 10 per centum ad valorem. There is also a claim in the protest for duty "at 22½% under Par. 396," but that claim, although not specifically abandoned, has not been pressed. Another protest claim for duty at the rate of 1½ cents per pound under paragraph 217, *supra*, was abandoned by counsel at the time of trial.

The sole witness was the president of the importing corporation, a manufacturer and distributor of handtools and equipment for the "trowel trade, plaster, cement workers, tile setters." Letters patent (plaintiff's exhibit 4) describe "the device" under consideration as a level dial, the body of which is barrel-shaped, fitted with lateral windows, and composed of transparent synthetic resin, known "under the trade-name of Plexiglas." In its imported condition, the level dial in question is not susceptible of use. The witness testified that, in use, it is a component part of levels that bricklayers, tile setters, cement finishers, plasterers, and carpenters employ in the course of their work. To become available for such use, the level dials in question must be inserted in a frame "which could be either wood or metal, with all sides parallel and properly indexed to register either level or plumb * * *."

The scope of paragraph 217, *supra*, under which plaintiff seeks classification of the present merchandise, is explicitly limited to vials such as are suitable for use, and of the character ordinarily employed, for the holding or transportation of merchandise, and which are not appliances or implements in chemical or other operations. *United States* v. *Sassi*, 13 Ct. Cust. Appls. 319, T.D. 41233; *United States* v. *Richard Hudnut*, 15 Ct. Cust. Appls. 463, T.D. 42646; and *United States* v. *Lilly & Co. et al.*, 14 Ct. Cust. Appls. 332, T.D. 41970. All of the cited cases involved paragraph 217 of the Tariff Act of 1922, which is the prototype of paragraph 217 of the Tariff Act of 1930, involved herein. Hence, the statutory construction enunciated in those cases has equal application in the present case.

Under the cited authorities, the level vials under consideration are not similar in use to vials of the kind or class within the purview of paragraph 217. The use of these vials as parts of levels that are employed in work done by bricklayers and cement workers is far removed from the use of the articles contemplated within the restrictive provisions of said paragraph 217. Plaintiff's claim for classification thereunder is overruled.

The collector's classification of the present merchandise by similitude in use to blown glass articles carries a presumption that the classifying officer "found all the necessary facts to exist which brought the goods within that classification, and that his classification was correct," the *Lilly & Co. et al.* case, *supra*. The evidence adduced herein by plaintiff is insufficient to overcome the presumption of correctness attached to the collector's classification. It, therefore, follows that plaintiff's alternative claims, as hereinbefore set forth, have no place for discussion herein.

The protest is overruled and judgment will be rendered accordingly.