UNITED STATES *v.* POIRIER & LINDEMAN (No. 1541).[1]

NEEDLECASES.
These boxes contain needles in combination with pins, thread, and a thimble. A needlecase is a case of metal or other material to contain needles, and the statute has enlarged the meaning to include other articles required in the use of the needle itself. The goods fall under paragraph 135 as needlecases furnished with assortments of needles or combination of needles and other articles.

United States Court of Customs Appeals, May 18, 1915.

APPEAL from Board of United States General Appraisers, G. A. 7671 (T. D. 35099). [Affirmed.]

*Bert Hanson*, Assistant Attorney General (*Thomas J. Doherty*, special attorney, on the brief), for the United States.
*Walden & Webster* for appellees.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

BARBER, Judge, delivered the opinion of the court:
Paragraphs 25 and 135 of the act of 1913 are involved in the consideration of this case. These paragraphs read as follows:

25. Collodion and all other liquid solutions of pyroxylin, or of other cellulose esters, or of cellulose, fifteen per centum ad valorem; compounds of pyroxylin or of other cellulose esters, whether known as celluloid or by any other name, if in blocks, sheets, rods, tubes, or other forms not polished, wholly or partly, and not made into finished or partly finished articles, twenty-five per centum ad valorem; if polished, wholly or partly, or if finished or partly finished articles, of which collodion or any compound of pyroxylin or other cellulose esters, by whatever name known, is the component material of chief value, forty per centum ad valorem.

135. Needles for knitting or sewing machines, latch needles, crochet needles, and tape needles, knitting and all other needles not specially provided for in this section, bodkins of metal, and needle cases or needle books furnished with assortments of needles or combinations of needles and other articles, twenty per centum ad valorem; but no articles other than the needles which are specifically named in this section shall be dutiable as needles unless having an eye and fitted and used for carrying a thread.

---

[1] Reported in T. D. 35470 (28 Treas. Dec., 935).

The merchandise here was returned as empty sewing rolls composed of pyroxylin and was assessed under paragraph 25. The importers claim it is dutiable under paragraph 135 as needlecases furnished with assortments of needles or combinations of needles and other articles. The Board of General Appraisers sustained the protest.

The typical exhibit in the case is a cylindrical box about $2\frac{1}{2}$ inches long and a little less than 1 inch in diameter fitted at one end with a cap or cover. It contains a celluloid thimble and a hollow celluloid bobbin upon which thread is wound. The bobbin is also fitted with a cap, and within it two pins and two needles are inclosed. So made up it is concededly celluloid in chief value, the celluloid of course being a manufacture of pyroxylin.

The Government contends that while such an article may properly be designated as a sewing set it is not a needlecase within the meaning of paragraph 135. It is apparent that there has been considerable litigation over the provisions of preceding statutes relating to needlecases, but in view of the difference between the language employed therein and that in paragraph 135 we deem it unnecessary to refer thereto. We agree with the board that the provision for needlecases in paragraph 135 is more specific than the provision for finished or partly finished articles of which collodion or any compound of pyroxylin is the component material of chief value in paragraph 25, because if the articles here are needlecases they are only one of the great variety of articles which may be composed in chief value of collodion or some compound of pyroxylin.

The precise question, therefore, is whether these articles are needlecases. Upon this issue there is but little to be said. The language of the statute we think furnishes the rule for the determination of this question. Stripped of all superfluous words it is "needle cases * * * furnished with an assortment of needles or combinations of needles and other articles."

These boxes contain needles in combination with pins, thread, and a thimble. Clearly without needles there would be no occasion to use the thimble; the thread is manifestly designed for use with a needle; and the pins may or may not be used to hold the fabric in place that is being sewed with a needle and thread; so that the important or paramount purpose or use of the entire imported article rests upon the fact that needles are contained therein. In other words, the presence of the needles characterizes or indicates the use for which the box and its contents were intended. While it might be said that the term "needlecases" standing alone implied an article the chief if not the entire use of which was to contain needles, the statute does not involve precisely that term, because it contemplates that the needle-

cases may contain not only assortments of needles and combinations thereof but other articles as well, and one would naturally expect that some or all of the articles would have relation to the use of needles, as do the articles contained in the boxes here.

We see no difficulty in view of the language of the paragraph in concluding that these boxes, furnished as they are, in this case, are needlecases within its contemplation. The return of the appraiser as *empty* sewing rolls indicates that he was unaware that anything was contained in the boxes when imported. Upon that assumption, the classification would seem to have been correct, because, to come within the provisions of paragraph 135, an article must be a needlecase, and it must also be *furnished* as therein provided. If not so furnished it is not within the paragraph. There is no good reason why these boxes may not appropriately be called "cases" and, as they are furnished in the manner specified in the paragraph, they become needlecases as that term is therein employed. The definition of needlecases, as found in the dictionaries, relied upon by the Government, is consistent therewith. These definitions in the main involve the idea that a needlecase is a case of metal or other material for the holding of needles, and if this definition be extended, as it is enlarged by the statute, to include a case for the accommodation of needles and various other articles, at least some of which are to be used in connection with the needles and with all of which it is required to be furnished, we see no reason why the merchandise here does not fall within the fair meaning of the term.

The fact that the needles in this case are comparatively insignificant in number or value is not, as claimed by the Government, at all determinative. We think the question is rather whether the needles are designed to serve an important part in the use to which the cases as furnished are put. As we have pointed out, these boxes and their contents would be relatively of but little use without the needles, while with the needles they answer, as it seems to us, the call of the paragraph for needlecases furnished with assortments of needles or combinations thereof and other articles.

The result is that the judgment of the Board of General Appraisers is *affirmed*.