CROSS CO. *v.* UNITED STATES (No. 1829).[1]

1. CONSTRUCTION, PARAGRAPH 135, TARIFF ACT OF 1913—"NEEDLECASES."

The definitions of needlecases found in the dictionaries involve the idea that a needlecase is a "case of metal or other material for the holding of needles," and this definition has been enlarged by paragraph 135, tariff act of 1913, for tariff purposes, so as to permit such a case to accommodate and its contents to include other articles.—United States *v.* Poirier & Lindeman (6 Ct. Cust. Appls., 239; T. D. 35470). To be a needlecase within the paragraph, however, an article must be primarily a needlecase in the common acceptation of the term.

2. SEWING BASKETS, BOXES, AND CASES IN CHIEF VALUE OF LEATHER.

Baskets, boxes, and cases, in chief value of leather, of such a size and so fitted as to indicate that they are primarily sewing sets and not needlecases, are not dutiable under paragraph 135, tariff act of 1913, as needlecases by reason of the fact that they contain needles in combination with other articles, such as scissors, thimbles,

stilettos, thread, knives, pins, buttons, tape, and hooks and eyes. The decision of the Board of United States General Appraisers classifying them as baskets, boxes, and cases in chief value of leather (par. 360) is affirmed.

## United States Court of Customs Appeals, November 3, 1917.

APPEAL from Board of United States General Appraisers, G. A. 8017 (T. D. 36957). [Affirmed.]

*Walden & Webster* (*Henry J. Webster* of counsel) for appellants.

*Bert Hanson*, Assistant Attorney General (*Thomas J. Doherty* and *Irving Washburn*, special attorneys, of counsel), for the United States.

[Oral argument Oct. 9, 1917, by Mr. Webster and Mr. Doherty.]

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

BARBER, Judge, delivered the opinion of the court:

It is agreed that all the merchandise involved in this case is in chief value of leather. There are various exhibits, aptly and correctly described in the opinion of the Board of General Appraisers, except that each of Exhibits 3 and 4 contains one thimble not mentioned by the board. We quote their description of these exhibits:

Exhibit 1, item 2308, is described on the invoice as a buff wicker sewing basket complete with sewing articles and silver thimbles. This basket is 10½ inches long, 8½ inches wide, and 3½ inches deep, handsomely lined throughout with satin, the body being made of wicker with a leather-covered top, having a lock and key. It contains four spools of cotton, one pair of scissors, one thimble, one stiletto, two crochet needles, one bodkin, two darning needles, and a packet of sewing needles.

Exhibit 2, item 2300, is described on the invoice as a sewing case. It is 5½ inches square and 2 inches in depth. The interior of the box is divided into seven compartments and contains four spools of thread, one thimble, one pair of scissors, one knife, one stiletto, one crochet needle, one bodkin, and two packets of needles.

Exhibit 3, item 2027, is described on the invoice as a sewing roll-up case complete. When opened flat it is 11 inches in length and 6½ inches in width. It contains four spools of cotton thread, a number of safety pins, one pair of small scissors, one crochet needle, one bodkin, two darning needles, one packet of sewing needles, one piece of tape, and a variety of buttons.

Exhibit 4, item 2298, is described on the invoice as an antique leather and buff wicker sewing basket, complete with sewing articles, of substantially the same dimensions and made of like materials as Exhibit 1, similarly lined. It contains four spools of cotton thread, one pair of scissors, one crochet needle, one bodkin, two darning needles, and three packets of sewing needles.

Exhibit 5, item 2007, is described on the invoice as a sewing case. It is made of leather and lined with watered silk, and contains three pairs of scissors of different sizes, one crochet needle, one stiletto, a few pins, and two packets of sewing needles. It folds up and when folded is about 6½ inches long, 4¼ inches wide, and 1 inch in thickness.

Exhibit 6, item 1330, is described on the invoice as a sewing case complete. It is boxlike in form, 4 inches long, 3 inches wide, and 1¼ inches in depth, covered with leather and lined with watered silk. It contains a quantity of hooks and eyes, two safety pins, half a dozen bodkins, two spools of thread, a skein of sewing silk, a piece of tape, and a packet of needles.

All the merchandise was classified under paragraph 360 of the tariff act of 1913. That represented by Exhibit 3 was assessed at

35 per cent, and the remainder at 30 per cent ad valorem. The board sustained the assessment.

The sole claim of the importers is that duty should have been taken under paragraph 135 of the same act as needlecases. We insert the relevant parts of each of these paragraphs.

135. Needles for knitting or sewing machines, latch needles, crochet needles, and tape needles, knitting and all other needles not specially provided for in this section, bodkins of metal, and needle cases or needle books furnished with assortments. of needles or combinations of needles and other articles, 20 per centum ad valorem; * * *.

360. Bags, baskets, belts, satchels, card cases, pocketbooks, jewel boxes, portfolios, and other boxes and cases, made wholly of or in chief value of leather, * * * 30 per centum ad valorem; any of the foregoing permanently fitted and furnished with traveling, bottle, drinking, dining, luncheon and similar sets, 35 per centum ad valorem.

The importers rely largely upon the authority of the case of United States v. Poirier & Lindeman (6 Ct. Cust. Appls., 239; T. D. 35470), while the contention of the Government in substance is that the merchandise here is not within the rule of that case but is dutiable as assessed.

In the cited case the typical exhibit was a cylindrical celluloid box, about 2½ inches long and a little more than 1 inch in diameter, closed at one end and the other fitted with a cap or cover. It contained a celluloid thimble and a hollow celluloid bobbin, upon which thread was wound. The bobbin itself was fitted with a cap and contained two pins and two needles.

In the case at bar there is no question of commercial designation, and the record evidence is brief. The only witness who testified was produced by the importers. While not, so far as the record shows, claiming to be cognizant of commercial designation, she referred to all the items as "sewing sets." Paragraph 135 employs the term "needlecases" or "needlebooks" as the distinguishing and primary characteristic of certain articles therein referred to. It was said in the case of United States v. Poirier & Lindeman, supra, that the definitions of needlecases found in the dictionaries involve the idea that a needlecase is a "case of metal or other material for the holding of needles," and that this definition has been enlarged by the statute for tariff purposes so as to permit such a case to accommodate and its contents to include other articles, but it was not held that the term "needlecase" in the tariff sense might be a basket, a box, or a roll, of sizes and elaborate fittings such as the exhibits in this case. To be within the pertinent part of paragraph 135 an article must first be a needlecase or needlebook in the common acceptation of the term, and, second, if so, the fact that it is in addition furnished with something besides needles, provided assortments of needles are therein, does not remove it from classification as a needlecase under the paragraph.

There is, however, no indication that the primary essential, namely, that the particular article must be a *needlecase* or a *needlebook*, may be dispensed with.   The marked difference between the exhibits in the two cases suggests a different determination as to those now before us.   We think none of the articles covered by this appeal is a needlecase, and the judgment of the Board of General Appraisers is therefore *affirmed.*