(C. D. 797)

LEVIN BROS. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided July 21, 1943)

*Siegel & Mandell* (*Joshua M. Davidson* of counsel) for the plaintiff.
*Paul P. Rao,* Assistant Attorney General (*Richard E. FitzGibbon,* special attorney), for the defendant.

Before TILSON and KINCHELOE, Judges; LAWRENCE, J., not participating

TILSON, Judge: This suit was filed by the plaintiff seeking to recover a certain sum of money alleged to have been illegally exacted as customs duties upon an importation consisting of two needles, one thimble, and five cardboard cylinders upon which has been wound cotton thread. Duty was levied upon the merchandise at 45 per centum ad valorem under paragraph 343 of the act of 1930, as needle cases or needle books furnished with assortments of needles or combinations of needles and other articles. The plaintiff contends that this article, as a whole, does not constitute a needle case, and claims that the needles are free of duty under paragraph 1724, as needles, hand sewing or darning, the thimbles at 40 per centum under paragraph 339, as household utensils, and the thread at ⅛ cent per 100 yards, but not less than 20 nor more than 35 per centum ad valorem under paragraph 902, as cotton sewing thread, and the container, as the usual container, the value of which should be prorated among the individual items contained therein.

At the trial of this case counsel for the respective parties agreed as follows:

* * * that the thimbles contained in this set are articles chiefly used in the household for utilitarian purposes; that they are composed in chief value of a base metal which is neither aluminum nor iron, nor steel enameled or glazed with vitreous glasses, and not plated with platinum, gold, or silver, and are similar in all material respects to the merchandise the subject of Abstract 29990, wherein the merchandise was held dutiable at 40 per cent under Paragraph 339 of the Tariff Act of 1930.

\* \* \* \* \* \* \*

* * * that the * * * needles * * * are, in fact, hand sewing or darning needles, * * * that the thread contained in this exhibit is cotton sewing thread * * * that the container * * * is the usual container of this specific entirety.

One witness testified for the plaintiff that he called this set a sewing box; that he once brought one of these packages home to his wife and saw her darn a pair of stockings with one of the packages of thread; that his wife removed all these articles from the box and put them in a needle case that she had at home and put the box in the incinerator with the waste. For the purpose of showing the dissimilarity between the instant merchandise and other imported merchandise which this court has held to be needle cases, the plaintiff's counsel, through this witness introduced in evidence samples of the merchandise involved in *Merz* v. *United States*, Abstract 46060, wherein the merchandise was held to be dutiable at 45 per centum under paragraph 343, as needle cases furnished with assortments of needles or combinations of needles and other articles. Other similar illustrative exhibits were also admitted in evidence, which need not be further referred to here.

Counsel for both parties rely for support of their respective contentions upon the case of *United States* v. *Poirier*, 6 Ct. Cust. Appls. 239. In that case the merchandise consisted of a cylindrical box in chief value of celluloid about 2½ inches long and a little less than 1 inch in diameter fitted at one end with a cap or cover. It contained a celluloid thimble and a hollow celluloid bobbin upon which thread was wound. The bobbin was also fitted with a cap and contained two pins and two needles. It will thus be seen that in the *Poirier* case the court was dealing with a somewhat substantial article as a container of the merchandise in question, and we agree with their conclusion that:

> We see no difficulty in view of the language of the paragraph in concluding that these boxes, furnished as they are, in this case, are needle cases within its contemplation.

We are also in agreement with the finding that the merchandise there involved, "* * * to come within the provisions of paragraph 135, *an article must be a needle case*, and it must also be *furnished* as therein provided." [First italics ours.] If an article be not a needle case, then its furnishings are not very material, so far as paragraph 343 is concerned. If the articles contained in exhibit 1 in this case were placed in a paper bag of the ordinary shopping variety, it is not believed that any one would seriously contend that that would be a needle case within the contemplation of paragraph 343.

Exhibit 1 in this case is a flimsily constructed cardboard box, containing the items hereinbefore stated, and has a cellophane opening in the top, which is, even now, split and practically torn away, and in our opinion does not respond to the definition of a "case" as used in paragraph 343 in making provision for needle cases. There is no place in this container or box to secure or place needles, but as imported, two needles were merely laid loose on top of the thread and thimble. In opening the box one has to be very careful to prevent the needles from falling out of the box. This statement is fortified by the fact that at the present time one of the needles is not present with the other articles.

Contrary to the facts in the *Poirier* case, there are many reasons why these boxes may not appropriately be called "cases," and the mere fact that they are furnished in the manner specified in paragraph 343 does not serve to make them needle cases as that term is therein employed for the reason that before there can be a needle case, there must first be a "case," and we are satisfied that the flimsily constructed boxes or containers in this case do not rise to the dignity of a "case" as that term is used in paragraph 343.

In the case of *Cross* v. *United States*, 8 Ct. Cust. Appls. 196, in dealing with a similar question, our appellate court stated:

> There is, however, no indication that the primary essential, namely, that the particular article must be a needle case or a needle book, may be dispensed with.

It is our view, and we so hold, that the needles constituted a portion of the imported merchandise, are entitled to free entry under paragraph 1724, as needles, hand sewing or darning; that the thimbles are properly dutiable at 40 per centum ad valorem under paragraph 339 of said act, as household utensils, composed wholly or in chief value of base metal, not plated with platinum, gold, or silver, and not specially provided for; and that the thread is properly dutiable at ½ cent per 100 yards but not less than 20 nor more than 35 per centum ad valorem, under paragraph 902 of said act, as cotton sewing thread.

Section 504 of the act of 1930 provides that:

> If there shall be used for covering or holding imported merchandise, whether dutiable or free of duty, any unusual material, article, or form designed for use otherwise than in the bonafide transportation of such merchandise to the United States, additional duties shall be levied upon such material, article, or form at the rate or rates to which the same would be subjected if separately imported.

It should be remembered, of course, that the collector, so far as shown by this record, has never found and determined that the container of the imported merchandise is an unusual container, and until the collector has taken some action in this regard it might be argued that that question is not properly before us in this case. But it is also true that we have found and determined the proper classification and the rate of duty applicable to each of the other components going to make up the imported merchandise, all of which items, together with the container, were classified and assessed with duty as an entirety.

The only testimony concerning the container of this merchandise is, as hereinbefore pointed out, that all these articles were removed from the container and the container placed in the incinerator. This evidence, coupled with our examination of the container marked as exhibit 1, leads us to the conclusion that this flimsily constructed cardboard box is not an unusual container for this merchandise. It is our view, therefore, that the container of the imported merchandise is not an unusual container, and it is therefore not subject to duty at the rate or rates to which the same would be subjected if separately imported.

It is a well-settled rule of law that imported merchandise in being passed through the customs must be dealt with in the condition in which imported, unless the Congress had otherwise provided. As heretofore stated, the merchandise in this case, as imported, was in sets consisting of one thimble, two needles, and five cardboard cylinders of cotton thread, all contained, as a set, in a cardboard box. In this condition the collector found and determined that this container was the usual container of such imported merchandise. We are not here concerned with whether or not this container would be

a usual container if it had contained only needles, only cotton thread, or only thimbles.

To the extent indicated the specified claims in this suit are sustained; in all other respects and as to all other merchandise all the claims are overruled. Judgment will be rendered accordingly.