APRIL 16, 1945

**No. 50130.**—SUIT 4451.—

—*United States* v. *Winograd Bros., Inc.* C. D. 708 affirmed March 2, 1945. C. A. D. 302.

BEFORE THE FIRST DIVISION, APRIL 19, 1945

**No. 50131.**—Protest 12951–K of J. E. Bieber (New York).

Opinion by OLIVER, P. J. At the trial both of defendant's witnesses admitted that the merchandise is a candlestick designed for electrical illumination but maintained it is also a lamp base because it is drilled for wiring. Plaintiff conceded that all candlesticks designed for electrical illumination might be described as lamp bases, but contended that that would not exclude them from the more specific description of candlesticks designed for electrical illumination. Upon consideration of the testimony and an examination of exhibit 1 the merchandise was held properly dutiable at 30 percent under paragraph 218 (c), as modified. The protest was sustained to this extent.

BEFORE THE SECOND DIVISION, APRIL 19, 1945

**No. 50132.**—Protest 112997–K of New York Merchandise Co., Inc. (New York).

Opinion by LAWRENCE, J. The uncontradicted evidence showed that the sewing sets in question are similar in all material respects to those the subject of *Levin Bros.* v. *United States* (11 Cust. Ct. 74, C. D. 797), which record was incorporated herein. Following the cited decision the contents of the sewing sets were held classifiable as separate and distinct entities and therefore dutiable as follows: (1) The needles to be entitled to free entry under the provision in paragraph 1724 for "Needles, hand sewing or darning"; (2) the thimbles at 40 percent under paragraph 339 as household utensils; (3) the thread at the rate of one-half of 1 cent per hundred yards but not less than 20 nor more than 35 percent ad valorem under paragraph 902 as cotton sewing thread; and (4) the containers, which are the usual containers of such merchandise, at the value thereof to be prorated among the individual values of each item in the sewing sets. The protest was sustained to this extent.