M. Pressner & Co. *v.* United States (No. 4793) [1]

United States Court of Customs and Patent Appeals, June 24, 1954

*Siegel, Mandell & Davidson (Joshua M. Davidson* of counsel) for appellant.
*Warren E. Burger,* Assistant Attorney General (*Richard E. FitzGibbon* and *Richard H. Welsh,* special attorneys, of counsel), for the United States.

[Oral argument April 6, 1954, by Mr. Davidson and Mr. FitzGibbon]

Before Garrett, Chief Judge, and O'Connell, Johnson, Worley, and Cole, Associate Judges

Johnson, Judge, delivered the opinion of the court:

This is an appeal from a judgment of the United States Customs Court, Second Division; one judge dissenting (C. D. 1542) overruling appellant's protests against the collector's classification of, and duty assessment upon, certain sewing kits consisting of a round paper box approximately 2¾ inches in diameter by 1 inch deep, with metal bands around the outer circumference of the box and the rim of the cover being substantially reinforced with metal bands, a small mirror on the inside of the cover and a pin cushion on the top of the cover. The box contains six small spools of cotton thread, one thimble and two hand needles.

The collector classified the imported merchandise as articles or wares not specially provided for composed of metal at 45 per centum ad valorem under paragraph 397 of the Tariff Act of 1930.

---

[1] C. A. D. 568

The importer claims the merchandise is properly classifiable as household utensils at 40 per centum ad valorem under paragraph 339 of the Tariff Act of 1930, or alternatively, that the component articles of the sewing kits are separately dutiable according to the rate applicable to the respective parts: i. e., the needles free of duty under paragraph 1724 of the Tariff Act of 1930; the thimbles at 40 per centum ad valorem under paragraph 339 of the Tariff Act of 1930; the cotton sewing thread at ½ cent per 100 yards, but not less than 20 nor more than 35 per centum ad valorem under paragraph 902 of the Tariff Act of 1930; and the box as the usual container of said merchandise, the value thereof to be prorated among the individual values of each item in the sewing kit.

The respective provisions of the statutes so far as pertinent are as follows:

Par. 397. Articles or wares not specially provided for, * * *; if composed wholly or in chief value of iron, steel, lead, copper, brass, nickel, pewter, zinc, aluminum, or other metal, but not plated with platinum, gold, or silver, or colored with gold lacquer, whether partly or wholly manufactured, 45 per centum ad valorem.

Par. 339. * * * household, * * * utensils, * * * composed wholly or in chief value of copper, brass, steel, or other base metal, not plated with platinum, gold, or silver, and not specially provided for, 40 per centum ad valorem; * * *

Par. 1724. Needles, hand sewing or darning.

Par. 902. Cotton, sewing thread, one-half of 1 cent per hundred yards; * * * *Provided*, That none of the foregoing shall pay a less rate of duty than 20 nor more than 35 per centum ad valorem. * * *

Par. 343. * * * needle cases or needle books furnished with assortments of needles or combinations of needles and other articles, 45 per centum ad valorem.

The Customs Court held that the involved merchandise is properly classifiable as needle cases or needle books furnished with assortments of needles or combinations of needles with other articles, in accordance with the provisions of paragraph 343, *supra*, and accordingly overruled the claims in appellant's protest without affirming the action of the collector.

Appellant introduced the testimony of two witnesses from whose testimony it is established that the needles, thread and thimble which are in the case or container are used in the home and, after the needles, thread and thimble have served their purpose, the case or container is discarded.

The Government has conceded in its brief that the involved articles are household utensils and are chiefly used in the household.

The issue thus presented is whether the provision for "household utensils * * * not specially provided for," being a use provision, should prevail over the *eo nomine* provision for "needle cases or needle books furnished with assortments of needles or combinations of needles and other articles."

A "use" provision ordinarily prevails over an *eo nomine* designation. *United States* v. *Snow's United States Sample Express Co.*, 8 Ct. Cust. Appls., 351, T. D. 37611. The exception to this rule is the presence of a clear congressional intent to the contrary. *United States* v. *Pfaltz & Bauer (Inc.) et al.*, 16 Ct. Cust. Appls. 358, T. D. 43091; *United States* v. *John H. Faunce (Inc.) et al.*, 21 C. C. P. A. (Customs) 80, T. D. 46395; *Morilla Co., Inc.* v. *United States*, 27 Cust. Ct. 210, C. D. 1372. In the instant case the "use" provision in paragraph 339, *supra*, contains the qualifying phrase "not specially provided for," which indicates the Congress recognized the fact that some household utensils are specifically provided for elsewhere in the tariff act. It appears clear to us that Congress intended paragraph 339, *supra*, to cover only such household utensils as are "not specially provided for." The first tariff provision for "needle cases or needle books furnished with assortments of needles or combinations of needles and other articles" was contained in paragraph 164 of the tariff act of 1909 in which the articles therein enumerated were subjected to duty as entireties according to the component material of chief value. Paragraph 135 of the tariff act of 1913 contained the same provision except that a specific rate of duty was provided. Paragraph 343 of the Tariff Acts of 1922 and 1930 repeated the above quoted provision verbatim except that the rate of duty was changed. It will be noted that throughout four tariff acts, Congress has specifically provided for "needle cases or needle books furnished with assortments of needles or combinations of needles and other articles."

In the case of *United States* v. *Poirier & Lindeman*, 6 Ct. Cust. Appls. 239, T. D. 35470, a cylindrical box about 2½ inches long and a little less than 1 inch in diameter, fitted at one end with a cap or cover and containing a celluloid thimble and a hollow celluloid bobbin upon which thread is wound and within which bobbin are two pins and two needles was held to be "needle cases * * * furnished with an assortment of needles or combinations of needles and other articles" as provided for in paragraph 135 of the tariff act of 1913.

After paragraph 135, *supra*, had been thus interpreted and judicially construed Congress in 1922 and again in 1930 reenacted the provision for needle cases without change.

The first tariff provision for household utensils *not specially provided for* was contained in paragraph 339 of the Tariff Act of 1922. It is a primary rule of statutory interpretation that statutes should be construed so as to carry out the legislative intent. *United States* v. *Clay Adams Co., Inc.*, 20 C. C. P. A. (Customs) 285, T. D. 46078.

If Congress had intended paragraph 339, *supra*, to apply to all household utensils, it would not have provided therein only for "household utensils not specially provided for." We think the descriptive language of paragraph 343, *supra*, which definitely covers

the involved merchandise, excludes it from the provision for household utensils, not specially provided for, in paragraph 339, *supra*, and that the merchandise is properly classifiable as "needle cases furnished with assortments of needles or combinations of needles and other articles" under paragraph 343, *supra*. In view of this holding, it is unnecessary to discuss other issues raised by this appeal.

For the reasons stated above, the judgment appealed from is affirmed.

GARRETT, Chief Judge, was present at the argument of this case, but, by reason of illness, did not participate in the decision.